In the Matter of the Claim of CAROLINE SMITH, Respondent, v. HENRY JAMES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

The employer and carrier appeal from an award of disability benefits. Appellants' only contention is that the board erroneously established claimant's average weekly wage at $50. For one year before the accident claimant worked one day a week as a maid for the employer appellant and received therefor $10 per week. During the same period she worked five days a week as a maid for a beauty shop and received for her services $40 per week. Claimant was injured while working for the employer appellant. The Referee and the board have found that the employments were similar and, under section 14 of the Workmen's Compensation Law, have utilized earnings in both employments to determine the average weekly wage. Where an employee is injured in one of two or more employments in which he is concurrently employed, the board may include his joint earnings in fixing the average weekly wage if the employments are similar in nature. (*Matter of Walla* v. *Streigel*, 2 A D 2d 914; *Matter of McDowell* v. *Flatbush Congregational Church*, 277 N. Y. 536.) Here claimant testified that she was employed as a maid at both places. Her principal work was cleaning. She was not employed by the beauty parlor as a beautician. She described her duties at the beauty parlor as " Cleaning. I waited on the customers. Put them under the dryers. Clean the mirrors and keep the bathrooms and served lunches, and things like that. That was all." It was within the province of the Referee and the board to determine factually that the two employments were similar. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.