■ In the Matter of the Claim of Nora S. Sankal, Appellant, v Park Avenue Synagogue, et al., Respondents, and Special Fund for Reopened Cases, Respondent. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 19, 1974, which reversed a referee's decision and denied claimant an increase in her widow's death benefit rate. Ten hours after suffering a heart attack while supervising a dance at the Park Avenue Synagogue in New York City, claimant's deceased husband died on November 9, 1958. At the time of his death, he was employed both as Principal of Elementary School 27 in The Bronx and as Director of Youth Activities at the afore-mentioned synagogue. Following a hearing in 1959, the board awarded claimant death benefits based solely upon the deceased's average weekly wage as Youth Activities

Director of $48.65, and the case was closed with the direction that the carrier pay the award into the Aggregate Trust Fund. In spite of claimant's dual employment, no consideration was given to the question of whether the employments were similar in nature as envisioned by section 14 of the Workmen's Compensation Law. Upon later applications by claimant, she was granted a remarriage award in December of 1961 and said award was rescinded in September of 1962 with the Aggregate Trust Fund directed to again begin payments. Finally, on October 11, 1973, claimant applied for further modification of her award and at a subsequent hearing maintained that her deceased husband's salary as principal as well as his salary as Director of Youth Activities should have been considered in setting her benefit rate. Rejecting this contention, the board refused to modify her award on the grounds that she was guilty of laches in applying for review of the average weekly wage and that the deceased's employments as principal and Youth Activities Director were not similar. This appeal ensued. Upon our examination of the record herein, we find that the decision of the board must be affirmed. Although an employee's earnings from two or more similar concurrent employments may be included in fixing his average weekly wage should he be injured in one of said employments *(Matter of Smith v James,* 12 AD2d 833), substantial evidence in this instance supports the board's factual determination that the deceased's employments at the time of his death were not similar. As a principal, he was engaged in a full-time position for which, according to the testimony of Dr. Ferrerio, a former Community Superintendent of Schools, there were numerous prerequisites, including 30 graduate hours in education beyond the baccalaureate degree, five years' teaching experience and three years' supervisory experience. Additionally, a principal must have passed an examination and obtained a license. In contrast, the position at the synagogue was part-time, and the record does not indicate that there were such stringent qualifications for one aspiring thereto. Moreover, as claimant herself testified, her husband's duties at the synagogue encompassed organizing and supervising social, cultural and religious activities for children and not their formal education. Our finding of substantial support in the record for the board's determination renders unnecessary consideration of the question of laches. Decision affirmed, without costs. Koreman, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.