Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioners for a judgment to declare illegal respondents’ attempt to retroactively reduce petitioners’ Medicaid reimbursement rates, and permanently enjoin respondents from taking such action without a due process hearing.
Petitioners are the operators of a nursing home facility located in Lockport, New York, licensed by the State of New York pursuant to article 28 of the Public Health Law. The facility is reimbursed by the State of New York for certain expenses incurred in accepting Medicaid patients under the Federal Medicaid program pursuant to subchapter XIX of the Federal Social Security Act (US Code, tit 42, § 1396 et seq.). Periodically, State Health Department audits are conducted with respect to the nursing home expenses which form the basis for computation of the reimbursement rate.
During 1975, respondents undertook an audit of petitioners for the year 1969 and determined that overpayments were made to petitioners for the year 1969. By letter dated February 13, 1976, the State Department of Health advised that petitioners’ reimbursement rates would be adjusted based upon the 1969 audit. Petitioners responded to the audit and appealed same on March 15, 1976. This appeal or protest was then reviewed by a Bate Review Board which is an internal board established within the Department of Health consisting of a Deputy Commissioner of the State Department of Health and two outside consultants. The Rate Review Board affirmed the determination of the State auditor by letter dated July 30, 1976. The petitioners then requested "a full adversary due process hearing before an impartial examiner” which was denied, and respondents then advised petitioners that because of the 1969 audit, their rates for the years 1970 and 1971 were being retroactively reduced for the years 1970 and 1971.
*298 The petitioners contend that the refusal of the Department of Health to grant them a full adversary hearing where they would be afforded an opportunity to be represented by counsel and examine or cross-examine the State auditor or the methodology by which the auditor had reached his conclusion is a violation of their constitutional due process.
The respondents contend that their procedures, namely, a "closing conference” with petitioners, coupled with review by the three-member Rate Review Board, are sufficient to satisfy due process requirements.
This court cannot agree with the respondents’ position.
Petitioners have been deprived of their rights to a full evidentiary hearing in a situation where the Government is retroactively determining that petitioners are liable for a substantial sum of money. Such a determination constitutes a "taking” in the constitutional sense and therefore, a due process hearing is required (Matter of Birnbaum v Whalen, 85 Misc 2d 512; Coral Gables Convalescent Home v Richardson, 340 F Supp 646). Since the said retroactive rates were fixed in the absence of said hearing, those rates are invalid (Matter of White Plains Nursing Home v Whalen, 53 AD2d 927).
It would seem, however, that the court should convert this proceeding to one for a declaratory judgment (Matter of White Plains Nursing Home v Whalen, supra; Matter of Broadacres Skilled Nursing Facility v Ingraham, 51 AD2d 243). Accordingly, this court will enter a judgment which will: (1) convert this proceeding to a declaratory judgment action; (2) declare that the retroactive Medicaid reimbursement rates complained of are null and void; and (3) remand the matter to the Commissioner of Health for further proceedings not inconsistent with this opinion.