COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Duff
Argued at Alexandria, Virginia


COUNTY OF FREDERICK FIRE AND RESCUE AND
 VIRGINIA MUNICIPAL GROUP SELF-INSURED ASSOCIATION

v.    Record No. 1521-94-4                OPINION BY
                                   CHIEF JUDGE NORMAN K. MOON
ANNMARIE G. DODSON                        JUNE 6, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse,
          on brief), for appellants.

          J. Sloan Kuykendall III (Kuykendall, Johnston,
          Coleman & Kuykendall, on brief), for appellee.


        County of Frederick Fire and Rescue and its insurer
("employer") contend that the Workers' Compensation Commission
erred in finding (1) that Annmarie G. Dodson's (claimant) two
employments were substantially similar for the purposes of
calculating her average weekly wage; and (2) that she was
entitled to further compensation because she had not been
released to return to work for employer.  We disagree and affirm
the commission's decision.

        Claimant was employed part-time as a "fire-medic" for the
Frederick County Fire and Rescue Department.  Concurrently,
claimant also held a full-time position as a cardiac technician
and emergency room nurse with the Prince William Hospital.  On
June 23, 1993, claimant sustained a compensable injury to her

- 1 -

right knee while fighting a brush fire.  She was deemed totally disabled from both employments from June 24, 1993, through August 19, 1993.  On August 20, 1993, claimant returned to work at Prince William Hospital with a light duty restriction.  Her doctor gave her a full-duty release to return to the hospital on September 17, 1993, but did not give her a full-duty release to return to her job at Frederick County Fire and Rescue. Claimant's inability to return to her work as a fire-medic formed the basis for her claim for temporary partial disability benefits.

In determining the amount of benefits claimant would be awarded, the commission ruled that her two employments were substantially similar for the purpose of calculating claimant's average weekly wage.  The commission based its ruling, in large part, on a letter from Thomas W. Owens, Director of Frederick County Fire and Rescue, which described the duties of the fire-medics who worked for employer.  The letter explained that the fire-medics are required to perform both firefighting and emergency medical duties.  The department actively recruits cardiac technicians, paramedics, and emergency nurses to serve as part-time fire-medics to ensure that it has a consistent advanced life support service.  Response to medical emergencies accounts for seventy-three percent of the department's response activity. The letter concluded that claimant was also required to perform firefighting duties, but emergency medical services was her primary mission as a part-time fire-medic.

I.  Average Weekly Wage

On appeal, employer first argues that the commission's finding that claimant's two employments were substantially similar under the Virginia Workers' Compensation Act is not supported by the evidence.  Essentially, employer would have us hold that because some of claimant's duties with the fire and rescue department, such as fighting fires and performing maintenance on the firefighting equipment, were not required for her work with the hospital, her two employments cannot be said to be substantially similar.  We disagree.

Under Virginia law, workers' compensation benefits are computed on the basis of the employee's "average weekly wage." Code § 65.2-101.  Virginia follows the majority rule that when an employee is injured on one job while in concurrent employment, the average weekly wage compensated is based on the combined earnings of both jobs if, but only if, the employments are related or similar.  See First Virginia Banks, Inc. v McNeil, 8 Va. App. 342, 343, 381 S.E.2d 357, 358 (1989)(where claimant is employed by more than one employer, claimant's combined earnings are used to arrive at the average weekly wage only if the employments are "substantially similar").

In the past, the commission has held that in applying the similar employment rule, it "must . . . recognize that there are no two jobs which are exactly alike," but that "the entire spectrum of duties should be considered."  Hall v. American

Janitor Service, 61 OIC 172, 175 (1982).  The commission's statement in Hall, which is cited by both the employer and claimant, is open to conflicting interpretations.  The employer argues that because some of the claimant's duties as a fire-paramedic exceeded the scope of her employment as an emergency medical technician, the employments were not substantially similar.  Claimant argues, on the other hand, that because all of her duties and skills as an emergency technician were utilized in her job as a firefighter-paramedic, the employments would be substantially similar.

Other jurisdictions have held that if the employment is of the same class or kind, the similar or related employment rule may apply to work done during irregular, off hours.  See generally Arthur Larson, The Law of Workmen's Compensation, § 60.31(b) (1994).  For example, where a workman was regularly employed as an electric welder for one employer and repaired gasoline tanks for another employer on Saturday afternoons and Sundays as needed, his compensation for injury during the off hours job was calculated by including earnings from the full time job because both were electric welding jobs.  See Sprout & Davis, Inc. v. Toren, 118 Ind. App. 384, 78 N.E.2d 437 (1948).  In another case, a high school dietician, injured while supervising a church dinner, was allowed to combine earnings from both activities.  See McDowell v. Flatbush Congressional Church, 277 N.Y. 536, 13 N.E.2d 462 (1938).

In Smith v. James, 12 A.D.2d 833, 209 N.Y.S.2d 622 (1961),

the Appellate Division affirmed an award to an employee who was injured during employment as a maid for one day a week and who was additionally employed five days a week at a beauty shop. In holding the two employments were similar, the Court noted that in both employments the claimant testified that she was a maid and that she was not employed by the beauty parlor as a beautician. Id. at 834, 209 N.Y.S.2d at 624. While the claimant's duties at the parlor included waiting on customers, putting customers under the dryers, and serving lunches, her principal work was cleaning. Id.

In cases like the present one, we believe that the general class of employment analysis in the above-cases is instructive and helps to narrow the focus of comparison of the two employments. A straight quantitative approach, weighing the like duties against the distinct duties of two employments to reach a decision, will not always be determinative of the issue. Where, in cases like this one, all of a claimant's duties and skills in one job are utilized in the other job, which has a wider scope of employment, the general class of employment approach, focusing on the primary mission of an employee in both jobs, provides a more rational analysis for determining whether two employments are so related as to conclude they are substantially similar.

In this case, Mr. Owens's letter provided the most accurate description of the claimant's duties and responsibilities for employer and revealed that claimant's primary mission for employer, as it was for the hospital, was emergency medical

service.  Owens's letter established that claimant was recruited upon her experience as a cardiac technician/paramedic and as an emergency room nurse.  Owens stated that claimant's work for the hospital was directly comparable to the duties she performed while staffing the medic ambulance in Frederick County.  While claimant was required to perform firefighting duties, Owens stated that emergency medical services was the primary mission of the employer's fire and rescue personnel.  Thus, not only were all of the claimant's skills as an emergency medical technician utilized in her job as a firefighter-paramedic, but both employments were of the same general class, i.e., emergency/rescue.  The letter provides credible evidence to support the commission's decision that claimant's job for employer was substantially similar to her job at the hospital.

Employer relies upon its written job description for a "Firefighter I" to support its argument that the employments were not similar.  However, Owens specifically stated that this job description was outdated and failed to reflect the emergency medical services provided by employees, such as claimant.  Based upon the evidence, the commission, in its role as fact finder, was entitled to find that Owens's letter minimized the relevance of the written job description.

## II.  Return to Work

Employer's second argument, which is related to its first, is that even if the two employments are substantially similar, the commission lacked sufficient evidence and a legal basis to

allow the claimant to claim further entitlement to benefits for her job as a fire-medic after her full duty release to her job with the hospital on September 16, 1993. We hold that the evidence supports the commission's determination that claimant is entitled to temporary partial benefits after September 16, 1993.

On September 16, 1993, Dr. Thomas Schulz, claimant's treating physician, released her to return to full duty at the hospital. On that same date, he released her to return to full duty with employer, except that she was restricted from firefighting. Dr. Schulz's records provide credible evidence to support the commission's finding that claimant was entitled to temporary partial disability commencing September 16, 1993.

Employer contends that if, as the commission found, the jobs were substantially similar, then a release to return to one job should have released claimant to return to the other. We find no merit in this argument and no case law to support it. The word similar "is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat like, or has a general likeness to some other thing but is not identical in form and substance. . . ." Blacks Law Dictionary 1383 (6th ed. 1990). By definition, employer's argument must fail. Just because claimant can fully perform her duties in one job does not mean that she should be able to perform all her duties in the other.

Dr. Schulz merely restricted claimant from performing one of the duties, firefighting, involved in her job with employer.

- 7 -

This limitation does not require a finding that the jobs are dissimilar, nor does it necessitate a finding that claimant was not entitled to temporary partial disability benefits. While it is true, as employer contends, that claimant has been able to return to her work at the hospital but still cannot fight fires, this could be true of any number of jobs that are similar and of the same general class but in which one requires extra physical qualifications that the other does not.

Accordingly, the award is affirmed.

_Affirmed._
