COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

CATERCORP, INC.
AND
ROYAL INSURANCE COMPANY OF AMERICA

v.   Record No. 0665-95-2                   MEMORANDUM OPINION[*]
                                                 PER CURIAM
GERALD HALL                             SEPTEMBER 19, 1995

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                    (John M. Oakey, Jr.; Jill M. Misage; McGuire, Woods
                    Battle & Boothe, on brief), for appellants.

                    (Louis D. Snesil; McDonald & Snesil, on brief), for
                    appellee.


        Catercorp, Inc. and its insurer (hereinafter collectively

referred to as "employer" or "Catercorp") contend that the

Workers' Compensation Commission erred in finding that (1) Gerald

Hall ("claimant") was an employee rather than an independent

contractor at the time of his compensable injury by accident and

(2) his employment with ARA Services ("ARA") was substantially

similar to his work for employer for purposes of calculating his

average weekly wage.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"What constitutes an employee is a question of law; but whether the facts bring a person within the law's designation, is usually a question of fact."  Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929).  On appellate review, the findings of fact made by the commission will be upheld when supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.  The power of control is the most significant indicium of the employment relationship.'"  Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)).  The employer-employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished.  Behrensen, 10 Va. App. at 367, 392 S.E.2d at 510.

In reversing the deputy commissioner and finding that claimant was Catercorp's employee, the full commission found that "the employer paid the claimant according to the number of parties he worked, directed him to the job site and controlled the work to be done, and reserved the right to inspect and criticize his work to insure that it met the employer's

standards." These findings are supported by the testimony of claimant, John Maxwell, employer's executive chef, and C.G. Jordan, owner of Catercorp.

Catercorp provides off-premises catering services for client's parties. Claimant, a chef, testified that he had worked for Catercorp for several years. Claimant was contacted by either Maxwell or Jordan and asked if he could work a particular job. Claimant could accept or decline the offer of employment.

Claimant prepared food at Catercorp's place of business, according to Jordan's specifications. Either Maxwell or Jordan supervised each job that claimant worked. Maxwell stated that he gave recipes to the cooks, such as claimant, and told them what result he wanted. Maxwell supervised claimant in the preparation of the food, and the loading and "off loading." Claimant performed all of these tasks on the date of his injury. Claimant used his own tools when he prepared food for parties at Catercorp's business location. However, he used employer's tools at the parties.

Claimant and Maxwell testified that cooks were paid for each job on an hourly basis. The hourly rate was approximately $7.00 to $ 8.00 per hour, with the minimum wage being $50.00 per job. Claimant estimated that he earned $100 per job and worked several times per week. Maxwell stated that claimant worked three to four times per month.

This record supports a finding that employer controlled not

only the result, but also the means and methods by which the work was to be accomplished. Thus, we find that credible evidence supports the commission's findings, and those findings indicate that claimant was Catercorp's employee.

## II.

"Virginia follows the majority rule that when an employee is injured on one job while in concurrent employment, the average weekly wage compensated is based on the combined earnings of both jobs if, but only if, the employments are related or similar." County of Frederick Fire and Rescue v. Dodson, 20 Va. App. 440, 443, 457 S.E.2d 783, 784 (1995) (claimant's part-time employment as a fire-medic found to be substantially similar to her full-time employment as a cardiac technician and emergency room nurse).

The commission found that claimant's employment with ARA as a chef was substantially similar to the work he performed for Catercorp as a chef. Claimant's job with ARA required that he prepare cafeteria food. He also performed catering services for ARA in its cafeteria. Claimant's job for Catercorp required that he prepare food and serve it off-premises. Employer argues that because claimant performed his ARA job in a cafeteria instead of off-site and because he was required to use entertainment and presentation skills for Catercorp and not ARA, the employments were not substantially similar. This argument is without merit.

> In cases such as this one, where
>       all of a claimant's duties and skills in one

4

> job are utilized in the other job, which has a wider scope of employment, the general class of employment approach, focusing on the primary mission of an employee in both jobs, [should be used in] determining whether two employments are so related as to conclude they are substantially similar.

Dodson, 20 Va. App. at 445, 457 S.E.2d at 785. Not only were all of the claimant's skills as a chef utilized in his job for Catercorp, but both employments were of the same general class, i.e., food service. Claimant's testimony provides credible evidence to support the commission's decision that his job for Catercorp was substantially similar to his job at ARA.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

5