COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


ELIZABETH H. LEWIS

v.          Record No. 2529-94-4          MEMORANDUM OPINION[*]
                                              PER CURIAM
HAMBURGER HAMLET, INC.                     MARCH 12, 1996
AND
TRANSPORTATION INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
                (Elizabeth H. Lewis, pro se, on brief).

                No brief for appellees.


        Elizabeth Lewis (claimant) contends that the Workers'

Compensation Commission (commission) erred in (1) calculating her

average weekly wage by not including wages she earned while

performing similar employment for another employer; (2) finding

that her left shoulder condition was not causally related to her

compensable September 23, 1992 injury by accident; and (3)

finding that she did not prove she suffered any disability after

November 15, 1992 (other than from May 26, 1993 through June 6,

1993) causally related to her compensable injury by accident.

Upon reviewing the record and claimant's brief, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Average Weekly Wage

"[W]hen an employee is injured on one job while in
concurrent employment, the average weekly wage compensated is
based on the combined earnings of both jobs if, but only if, the
employments are related or similar."  County of Frederick Fire
and Rescue v. Dodson, 20 Va. App. 440, 442, 457 S.E.2d 783, 784
(1995) (emphasis added).

On September 23, 1992, claimant sustained a compensable
injury by accident while working full-time as a waitress for
Hamburger Hamlet (Hamlet).  No evidence proved that claimant was
working for any employer, other than Hamlet, at the time of her
September 23, 1992 compensable injury by accident.  Accordingly,
the commission did not err in calculating claimant's average
weekly wage based solely on the wages she earned while working
full-time for Hamlet.

## Left-Shoulder Condition and Disability

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Unless we can say as a matter of law that claimant's evidence
sustained her burden of proof, the commission's findings are
binding and conclusive upon us.  Tomko v. Michael's Plastering
Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

After her September 23, 1992 accident, claimant sought
medical treatment from Dr. Samir Azer for complaints of lower

2

back and right ankle pain.  On October 7, 1992, Dr. Azer diagnosed a lumbosacral strain and right ankle strain.  In his November 11, 1992 office notes, Dr. Azer released claimant to return to work.  Between November 21, 1992 and May 20, 1993, claimant continued to work as a waitress for Hamlet and did not seek medical treatment.

On May 21, 1993, claimant sought treatment from Dr. Sameer B. Shammas.  At that time, claimant complained of severe left shoulder pain of a few days duration.  She did not report a new injury to Dr. Shammas.  Rather, she told him that her symptoms occurred gradually.  Dr. Shammas diagnosed severe left shoulder girdle strain most likely from repeated and persistent heavy lifting.  Dr. Shammas advised claimant to remain out of work.

On May 26, 1993, claimant returned to Dr. Azer complaining of back pain and left shoulder pain.  An MRI of claimant's back revealed a minimal disc bulge at L4-5.  An MRI of her left shoulder revealed mild, chronic changes and degenerative cysts of the humeral head.  Dr. Azer released claimant to return to work without restrictions as of June 7, 1993.  Dr. Azer later opined that claimant's left shoulder was most likely aggravated by heavy lifting in her job.

Beginning on June 8, 1993, claimant sought treatment for her shoulder and back condition from Dr. Eric Havens, an osteopath.  Dr. Havens indicated that claimant was capable of part-time work with no lifting over twenty pounds.  Dr. Havens did not render an

3

opinion as to the cause of claimant's disability.  Claimant worked part-time for Hamlet from November 1992 through July 19, 1993, when she stopped working due to back pain.

The commission found that claimant did not prove that she sustained a left shoulder injury as a result of her compensable September 23, 1992 injury by accident.  Claimant did not seek medical treatment between November 1992 and May 1993.  There was an eight-month time gap between the occurrence of her accident and her first report of left shoulder pain.  In addition, no medical evidence linked claimant's left shoulder condition to her compensable injury by accident.  Based upon this record, we cannot find as a matter of law that claimant proved that her left shoulder condition was causally related to her compensable injury by accident.

The commission also ruled that, other than the period between May 26, 1993 and June 6, 1993, claimant did not prove she suffered any work incapacity after November 14, 1992 causally related to her compensable back and ankle injuries.  Based upon Dr. Azer's release of claimant to return to work as of November 11, 1992 and the lack of any further medical treatment until May 21, 1993, the commission did not err in denying claimant's request for an award of temporary partial disability benefits from November 15, 1992 through May 21, 1993.  After November 11, 1992, claimant did not seek medical treatment again for back pain until May 26, 1993.  Dr. Azer's records support the commission's

4

finding that claimant was totally disabled from May 26, 1993 through June 6, 1993 due to her injury by accident. Finally, the commission, in its role as fact finder, was entitled to accept Dr. Azer's opinion that claimant was not disabled after June 6, 1993 and to reject Dr. Havens's contrary opinion. Accordingly, the commission did not err in refusing to award disability benefits to claimant after June 6, 1993.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>