COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

HERMAN'S SPORTING GOODS, INC.
AND
ZURICH INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                               PER CURIAM
v.         Record No. 2206-95-1            APRIL 9, 1996

SUSAN THURMOND

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Joseph C. Veith, III; Montedonico, Hamilton
                & Altman, on briefs), for appellants.

                (Leon R. Sarfan; Sarfan & Nachman, on brief),
                for appellee.


        Herman's Sporting Goods, Inc. and its insurer (jointly

referred to herein as employer) contend that the Workers'

Compensation Commission (commission) erred in finding that Susan

Thurmond's (claimant) two jobs were substantially similar for the

purposes of calculating her average weekly wage.  Pursuant to

Rule 5A:21(b), claimant presents the additional question of

whether the commission erred in denying her compensation benefits

after July 17, 1994 because she failed to reasonably market her

residual work capacity.  Upon reviewing the record and the briefs

of the parties, we conclude that employer's appeal and claimant's

cross-error are without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

# I. Average Weekly Wage

"Virginia follows the majority rule that when an employee is injured on one job while in concurrent employment, the average weekly wage compensated is based on the combined earnings of both jobs if, but only if, the employments are related or similar." County of Frederick Fire and Rescue v. Dodson, 20 Va. App. 440, 443, 457 S.E.2d 783, 784 (1995).

> Where, in cases like this one, all of a claimant's duties and skills in one job are utilized in the other job, which has a wider scope of employment, the general class of employment approach, focusing on the primary mission of an employee in both jobs, provides a more rational analysis for determining whether two employments are so related as to conclude they are substantially similar.

Id. at 445, 457 S.E.2d at 785.

Claimant's testimony established that her job as an assistant store manager for employer and her job as a salesperson for Michael's Crafts and Floral Warehouse (Michael's) involved similar duties of waiting on and selling to customers, customer service, and stocking merchandise. Claimant's job for employer required her to be on her feet seven hours out of an eight-hour day. Claimant stated that her job duties for employer were similar to her duties for Michael's. While claimant did perform supervisory duties for employer, which she did not perform for Michael's, her testimony supports the conclusion that the primary mission of both jobs was retail sales and merchandising. Thus, not only were all of claimant's skills as a salesperson for

Michael's utilized in her job as an assistant manager for employer, but both employments were of the same general class, i.e., retail sales. Claimant's testimony provides credible evidence to support the commission's decision that her job for employer was substantially similar to her job at Michael's. Accordingly, the commission did not err in combining the wages she earned in both jobs to determine her average weekly wage.

## II. Marketing

On appeal, we view the evidence in the light most favorable to the party prevailing below. The Greif Companies v. Sipe, 16 Va. App. 709, 716, 434 S.E.2d 314, 318 (1993). In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." Sipe, 16 Va. App. at 715, 434 S.E.2d at 318. Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The undisputed medical evidence showed that, at all times after March 21, 1994, claimant was released to perform light-duty work. Claimant worked in a light-duty position for employer

3

until July 17, 1994, when the store closed for economic reasons. The commission denied compensation benefits to claimant after July 17, 1994 on the ground that she did not prove that she made a reasonable effort to market her residual work capacity after that date.

Although claimant testified that she registered with the Virginia Employment Commission, met with one employer per week, and sent out resumes to potential employers, she did not provide evidence of specific jobs applied for or potential employers contacted or the dates of those contacts or applications. In addition, she ultimately accepted a part-time job over a full-time position, for reasons unrelated to her compensable injury. The full-time job would have paid a higher average weekly wage. Based upon claimant's failure to document her job search, the commission, in its role as fact finder, was entitled to give little weight to claimant's testimony concerning her marketing efforts. Accordingly, based upon this record, we cannot find as a matter of law that claimant met her burden of proving entitlement to compensation benefits after July 17, 1994.[1]

For the stated reasons, we affirm the commission's decision.

Affirmed.

---

[1]Claimant did not appeal the commission's ruling that she did not make a reasonable effort to market her residual capacity after she resigned from Michael's in March 1994. Accordingly, we need not address this issue on appeal.

4