COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


CREEDLE SALES COMPANY, INC. and
 ERIE INSURANCE COMPANY
                                        OPINION BY
v.      Record No. 1041-96-2      JUDGE SAM W. COLEMAN III
                                      JANUARY 21, 1997
JESSE WAYNE EDMONDS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Lori Morris Whitten (Morris and Morris, on
        brief), for appellants.

        B. Mayes Marks, Jr. (B. Mayes Marks, Jr.,
        P.C., on brief), for appellee.


        In this appeal from the Workers' Compensation Commission, we
decide whether the claimant's two jobs were sufficiently similar
to warrant combining his salary from both jobs in calculating his
average weekly wage.  We find that the jobs were substantially
similar; thus, we affirm the commission's decision.

        Jesse Wayne Edmonds (claimant) suffered a compensable injury
by accident on March 11, 1991 while working for Creedle Sales
Company, Inc. (employer).  The employer stipulated that the
claimant was entitled to compensation and paid temporary total
disability benefits from March 18, 1991 to the present.  The
claimant requested a hearing, alleging that the compensation
benefits should be based upon his combined wages earned at
Creedle Sales and his second job with C. C. Powell & Sons
(Powell).  He asserts that his duties in both jobs, from which he
is disabled, were substantially similar.

On appeal, we view the evidence in the light most favorable to the party prevailing below. <u>R. G. Moore Bldg. Corp v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The claimant, who was a part-time employee, had worked for Creedle Sales for approximately eight and one-half weeks when he was injured. His work at Creedle involved preparing used cars for resale. Among his duties were changing batteries, hoses, and fan belts, checking transmissions, and doing minor auto repairs. Additionally, the claimant did a substantial amount of plumbing work for Creedle. The plumbing work included repairing and replacing broken water pipes, installing several new water storage tanks and numerous faucets, and installing a pressurized water storage tank and a hot water heater. The claimant estimated that, of the eight and one-half weeks he worked for the employer, he spent "a week or two" doing plumbing work.

The claimant worked full-time for Powell as a plumber. He testified that his job with Powell included:

> Plumbing, installation of new plumbing and repair plumbing and repair heating service, electrical work. In the -- when we were -- if the work was caught up on the plumbing, we'd do mechanical work and service work, maintenance on the trucks, changing the oil, the tires, rotate brakes, new exhaust systems, et cetera.

The current owner of C. C. Powell & Sons testified that the claimant worked primarily as a plumber and pipe fitter but occasionally did mechanical maintenance and repair work.

The deputy commissioner found that the claimant's jobs were not sufficiently similar to justify combining the wages in calculating his average weekly wage.  The claimant appealed to the full commission, which reversed the deputy and held that the jobs were substantially similar and awarded benefits based on an average weekly wage of the combined salaries.

The Workers' Compensation Act defines average weekly wage as "[t]he earnings of the injured employee in the employment in which he was working at the time of the injury . . . ."  Code § 65.2-101.  When an injured employee is disabled from performing his employment duties, the employee's earnings include the earnings from two or more jobs that are substantially similar. See First Virginia Banks, Inc. v. McNeil, 8 Va. App. 342, 343, 381 S.E.2d 357, 358 (1989); Hudson v. Arthur Treachers, 2 Va. App. 323, 326, 343 S.E.2d 97, 99 (1986).  "Virginia follows the majority rule that when an employee is injured on one job while in concurrent employment, the average weekly wage compensated is based on the combined earnings of both jobs if, but only if, the employments are related or similar." County of Frederick Fire and Rescue v. Dodson, 20 Va. App. 440, 443, 457 S.E.2d 783, 784 (1995).

The employer contends that the commission erred by applying the "substantially similar" rationale enunciated in Dodson because the Dodson test applies only where "all of a claimant's duties and skills in one job are utilized in the other job, which

has a wider scope of employment . . . ."  Id. at 445, 457 S.E.2d
at 785 (emphasis added).  We disagree.

Contrary to the employer's assertion, Dodson does not
represent a new or different approach to determining whether two
jobs are substantially similar.  Instead, Dodson merely holds
that, if the two jobs are of the same general class or nature,
the wages may be combined even though all the duties of each job
are not identical.  Id. at 444, 457 S.E.2d at 785.

This approach does not differ from the rationale which the
commission applied prior to the Dodson decision.  The commission
has previously stated:

> we do feel that the Commission in applying
> [the dissimilar employment rule] must
> recognize that there are no two jobs which
> are exactly alike, and while there may be
> some additional duties which are not so
> similar, this should not result in refusing
> to allow a combination of the wages from both
> employments as the entire spectrum of the
> duties should be considered.

Hall v. American Janitor Serv., 61 O.I.C. 172 (1982).  Dodson
does not depart from that approach.  Furthermore, the holding in
Dodson is not limited merely to those situations where all of an
employee's duties and skills are utilized in another job having a
wider scope of employment.  In every situation where the
commission is asked to determine whether two or more jobs are
substantially similar, the commission must consider not only the
particular duties of each job, but also the general nature or
type of employment of the two jobs.

- 4 -

Apparently, because of language in <u>Dodson</u> referring to the "primary mission" of an employee in both jobs, the commission concluded that it had to determine which of an employee's duties is the "primary mission." As a result, the commission determined that the claimant's "primary mission" in his job for Creedle was that of a plumber/pipe fitter. However, the preponderance of the evidence indicates that his primary responsibility in his job with Creedle was as a mechanic, even though he also had substantial responsibility as a plumber/pipe fitter.

The commission apparently construed the language in <u>Dodson</u> referring to "primary mission" to mean that the fact finder must determine or isolate the employee's single most important job responsibility. However, the language in <u>Dodson</u> referring to "primary mission" is much broader. The language was intended to focus upon the scope or general nature of a person's employment and to recognize that an employee's "primary mission" may involve several responsibilities. For example, here the claimant's "primary mission" in both jobs entailed significant duties as a mechanic and as a plumber/pipe fitter.

The claimant's part-time job with Creedle was substantially similar to his full-time job with Powell. His plumbing activities at Creedle, although secondary to his job as "prep mechanic," were more than isolated or incidental job responsibilities. He did plumbing work for "a week or two" out of the eight and one-half weeks he worked for Creedle as a

mechanic.  Similarly, his responsibilities as a mechanic at Powell involved more than a single or isolated auto repair.  The claimant testified that he was hired by Powell as a plumber/pipe fitter because he had mechanical skills in addition to plumbing skills.  Moreover, a significant part of his job entailed performing maintenance on Powell's trucks whenever the plumbing work was slow.

Although the primary duty on one was secondary duty on the other, that fact does not mean that the employee had a different "primary mission" in the two employments.  The claimant's skills as a plumber and as a mechanic were utilized substantially in both jobs.  The fact that he may have done more plumbing work in one job than in the other makes no difference.  Overall, the claimant did significant amounts of plumbing and mechanical work in both jobs; therefore, both jobs were substantially similar.

Thus, the commission correctly combined both salaries in calculating his average weekly wage.  Accordingly, we affirm the award of the commission.

Affirmed.