COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


KENNETH R. WOOD

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0470-99-3             JUDGE JAMES W. BENTON, JR.
                                              DECEMBER 7, 1999
KENNETH R. WOOD, SOLE PROPRIETOR,
 t/a KRW TRUCKING,
 COMMERCIAL UNION INSURANCE COMPANY,
 NORTH AND SOUTH LINES, INC. AND
 LEGION INSURANCE COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Roger A. Ritchie, Jr. (Roger Ritchie &
              Partners, P.L.C., on brief), for appellant.

              James G. Muncie, Jr. (Midkiff & Hiner, P.C.,
              on brief), for appellees Kenneth R. Wood, t/a
              KRW Trucking and Commercial Union Insurance
              Company.

              Nancy C. Auth (Mark S. Davis; Carr & Porter,
              L.L.C., on brief), for appellees North and
              South Lines, Inc. and Legion Insurance
              Company.


     The Workers' Compensation Commission ruled that Kenneth R.

Wood sustained a compensable injury by accident on February 16,

1997.  Wood and KRW Trucking contend, however, that the commission

erred in finding that on the day of Wood's injury he was employed

by KRW Trucking, not by North and South Lines, Inc.  Wood further

contends the commission erred in finding that he was not a

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

statutory employee of North and South and that his employments with KRW Trucking and North and South Lines were dissimilar for purposes of calculating his average weekly wage. For the reasons that follow, we affirm the commission's award.

I.

Our standard of review is well established.

> We do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses. If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact.

Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983). Thus, on appeal, we are required to view the evidence in the light most favorable to the party who prevailed at the commission. See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

So viewed, the evidence proved that North and South is engaged in the business of transporting freight by motor vehicles. It owns tractors and trailers for hauling freight and occasionally leases equipment for use in its business. Wood was hired by North and South in 1991 as a truck driver. As a driver, Wood was paid a fixed rate for each mile he drove the truck. In 1994, North and South changed Wood's employment from truck driver to dispatcher. As a dispatcher, Wood "spen[t] a

-

considerable amount of time on the telephone talking to drivers, solving problems, taking orders from customers, and assigning loads" for all North and South trucks and other trucks leased to North and South.  He had a predetermined work schedule and was paid a salary.

Shortly after becoming a dispatcher, Wood purchased a truck, hired a driver, and began operating an entity known as KRW Trucking.  In that capacity, he entered into a contract with North and South to lease his truck to North and South for a specified rate per mile plus other costs.  Although Wood hired and fired KRW Trucking's drivers, North and South interviewed those drivers and gave them drug tests.  Under the lease agreement, Wood had the responsibility to provide proof that his drivers met all federal and state regulations and criteria. Pursuant to Department of Transportation rules and regulations, however, North and South maintained documents regarding all drivers, including drivers of trucks it leased.  KRW Trucking had employed only two drivers, both of whom were paid by Wood. North and South did not pay KRW Trucking's drivers.

In February 1997, Wood was still employed by North and South as one of several dispatchers.  The evidence also proved that on several weekends in 1997, when Wood was not expected to be on duty as a dispatcher, he drove North and South trucks to earn extra money.  When he drove the trucks, he was paid by North and South a fixed rate per each mile he drove the truck.

-

He received this pay in addition to his salary for work he performed as dispatcher.

On February 16, 1997, Wood was on vacation leave from his employment as a dispatcher at North and South. By prior arrangement, he was in North and South's garage "to work on [KRW Trucking's] truck" and to make cosmetic repairs, such as sanding and priming in preparation for painting. Wood testified that KRW Trucking has no garage or repair shop and that he was repairing the truck in North and South's garage because North and South allowed him to use the garage as a courtesy to him. Wood performed no mechanical repair work for North and South.

After working on the truck, Wood swept and cleaned the area he had used. He then turned off the lights, stepped on a roller as he walked away, and fell. Wood injured his shoulder when he hit the floor.

The commission found that Wood's injury did not arise out of or in the course of his employment with North and South. Therefore, the commission awarded Wood compensation against KRW Trucking and ruled that his average weekly wage was to be computed using only his earnings from KRW Trucking.

II.

To recover compensation, Wood bore the burden of proving that his injury arose out of and in the course of his employment. See Code § 65.2-101; Metcalf v. A.M. Express Moving Systems, Inc., 230 Va. 464, 467, 339 S.E.2d 177, 179 (1986).

-

Where the evidence establishes merely a "relationship of reciprocal gratuity, . . . involving no specific employment obligations, . . . and no right of control over the performance of claimant's work," the evidence fails to establish employment. Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 510 (1990).

The commission found as follows:

> Both [Wood] and North and South perceived that there was an oral contract in existence for KRW [Trucking] to buy the truck at the time that [Wood] was performing cosmetic repairs on February 16, 1997. This is consistent with the fact that [Wood] asked for time off from work with North and South and his performing repairs on the truck that KRW [Trucking] was purchasing, an activity he never performed for North and South but did routinely perform for KRW [Trucking]. This shows [Wood] believed that the truck was his, as did North and South. [Wood] perceived that KRW [Trucking] was a separate entity than North and South, as did North and South. We find that the evidence supports their beliefs and also supports the Deputy Commissioner's finding that [Wood] had two distinct jobs and that he was acting as an employee of KRW [Trucking] at the time of his accident.

The evidence supports these findings because the evidence clearly proved that KRW Trucking and North and South Lines, Inc. were two distinct business entities. Wood was the sole owner and an employee of KRW Trucking. Separate from his status as owner of KRW Trucking, Wood was also employed by North and South as a dispatcher. On February 16, however, Wood had obtained

-

vacation leave from North and South and was working on a truck KRW Trucking had agreed to purchase from North and South.

The evidence also proved that North and South had removed the truck from its use. Wood testified that the truck "was property owned by KRW Trucking and was . . . to be utilized for [KRW Trucking] business." North and South did not employ Wood as a mechanic and did not pay him for the work he performed on his truck. Indeed, Wood has never been employed by North and South to perform mechanical work.

Proof that North and South gratuitously allowed Wood to use its garage to make cosmetic repairs on a truck that KRW Trucking had agreed to purchase and considered its own was insufficient to prove Wood was employed at that time by North and South. Wood was on vacation leave from his employment with North and South, was not conducting the affairs of North and South, and was not paid by North and South. Thus, credible evidence proved Wood was solely employed by KRW Trucking when he suffered his injury. Accordingly, we affirm the commission's ruling that he was.

### III.

Wood also contends that the evidence proved he was a statutory employee of North and South. We disagree.

In pertinent part, Code § 65.2-302 provides as follows:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade,

-

> business or occupation and contracts with
> any other person (referred to in this
> section as "subcontractor") for the
> execution or performance by or under such
> subcontractor of the whole or any part of
> the work undertaken by such owner, the owner
> shall be liable to pay to any worker
> employed in the work any compensation under
> this title which he would have been liable
> to pay if the worker had been immediately
> employed by him.

As the Supreme Court held in Intermodal Services, Inc. v. Smith, 234 Va. 596, 364 S.E.2d 221 (1988), the purpose of this statute is to insure compensation coverage for employees of independent contractors and subcontractors, but "not the subcontractor himself." Id. at 603, 364 S.E.2d at 225. Thus, the commission did not err in ruling that Wood was not a statutory employee of North and South.

IV.

"[T]he [dissimilar employment] rule is alive and well in workers' compensation law." Uninsured Employer's Fund v. Thrush, 255 Va. 14, 21, 496 S.E.2d 57, 60 (1998).

> In determining whether two jobs are
> "substantially similar," we look to the
> following: (1) "the duties and skills" of
> each job, and (2) "the primary mission" of
> the employee on each job. [Frederick Fire
> and Rescue v. ]Dodson, 20 Va. App. [440,]
> 444-45, 457 S.E.2d [783,] 785 [(1995)]. "In
> every situation where the commission is
> asked to determine whether two or more jobs
> are substantially similar, the commission
> must consider not only the particular duties
> of each job, but also the general nature or
> type of employment of the two jobs."

-

<u>Mercy Tidewater Ambulance v. Carpenter</u>, 29 Va. App. 218, 224,

511 S.E.2d 418, 421 (1999) (quoting <u>Creedle Sales Co. v.</u>

<u>Edmonds</u>, 24 Va. App. 24, 28, 480 S.E.2d 123, 125 (1997)).

Credible evidence in the record supports the commission's

findings "that the only common skill [Wood employed for both TRW

Trucking and North and South] was that of driving, . . . that

[this common skill] was performed only infrequently for North

and South . . . [, and that] the other skills did not overlap in

the two employments."  Wood's primary employment with North and

South was dispatching the trucks to and from various

destinations in service of North and South's customers.  His

employment with KRW Trucking did not include that function.

Thus, his duties with both entities were so unrelated that we

cannot say the commission erred in concluding they were not

substantially similar.

For these reasons, we affirm the commission's award.

<u>Affirmed</u>.