COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Haley and Petty
Argued at Salem, Virginia

LOWES NO. 0509 AND
 LOWES HOME CENTERS, INC.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2309-06-3                   JUDGE WILLIAM G. PETTY
                                                         MAY 29, 2007
ALLEN VERNON STANLEY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Thomas H. Miller (Roberta Paluck; Frankl, Miller & Webb, LLP, on
            briefs), for appellants.

            Michael L. Ritchie (Ritchie Law Firm, P.L.C., on brief), for
            appellee.


        Lowes Home Centers, Inc. (Lowes) appeals the Workers' Compensation Commission's

decision modifying Allen Stanley's (claimant) average weekly wage after finding claimant's two

jobs were "substantially similar" and thus allowing him to combine his earnings to calculate his

average weekly wage.  Lowes argues that the commission's finding is not supported by credible

evidence and should be reversed.  For the reasons that follow, we affirm the commission.

                                    I. BACKGROUND

        On appeal, we view the evidence in the light most favorable to the party prevailing

below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  "[W]e do not judge the credibility of witnesses or weigh the evidence on appeal."

Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985).  Instead, we are

bound by the commission's findings of fact so long as "there was credible evidence presented

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

such that a reasonable mind could conclude that the fact in issue was proved," Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988), even if evidence exists in the record that would support a different finding, Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).

So viewed, the evidence reveals that on October 6, 2004, claimant suffered a compensable injury to his left ankle. When injured, claimant was working as a delivery driver for Lowes. As a delivery driver, his primary responsibility was to deliver appliances to customers. His duties included loading the delivery truck, delivering the appliances to the customers' homes, unloading the items, and setting them up in the homes. Occasionally, he would also remove old appliances.

During this time period, claimant also delivered morning newspapers. His work responsibilities included picking up bundles of newspapers early in the morning, preparing them for delivery, and delivering the newspapers to approximately 340 customers. Claimant used his personal vehicle to deliver the newspapers either to newspaper tubes located at the end of customers' driveways or to customers' porches.

The deputy commissioner found that claimant's employments were not "substantially similar." The deputy commissioner reasoned that the primary missions of the two jobs were dissimilar "because of the different industries involved" and "because of the distinctly different nature of the products delivered as well as the significant difference in the manner of delivery of those products." Moreover, the deputy commissioner determined that "the skills and job duties involved in the two positions were substantially dissimilar." Therefore, the deputy commissioner excluded wages earned by claimant in his concurrent employment from the average weekly wage calculation. Claimant appealed.

On appeal, the commission reversed the deputy commissioner after determining it was error for the deputy commissioner to compare the nature of the employers, as opposed to the nature of the employments, in determining substantial similarity. The commission then compared the two employments and set forth the following findings in its opinion:

> The claimant performed delivery work for both employers. The products differed, both in quantity and quality, but the duties and skills required in the work were substantially similar – in both jobs the claimant picked up the product, followed a delivery route, and delivered the product. He was required to load a vehicle, drive a vehicle, follow a delivery route, and make deliveries. Additionally, the "primary missions" of the two employments were similar – providing customer delivery services.

As a result of these findings, the commission found that the two employments were substantially similar to warrant combining claimant's earnings to calculate his average weekly wage.

## II. ANALYSIS

Lowes argues that the commission's finding that the two employments were substantially similar is not supported by credible evidence and should be reversed. Specifically, Lowes asserts that claimant's position of delivery driver for Lowes required that claimant "possess skills beyond those of a mere delivery driver" and therefore differed from his job of delivering newspapers.[1] We disagree.

In reviewing this case we recognize that "[t]he findings of the commission, if based upon credible evidence, are conclusive and binding upon this Court." Mercy Tidewater Ambulance Serv. v. Carpenter, 29 Va. App. 218, 223, 511 S.E.2d 418, 420 (1999) (citing Code § 65.2-706; Falls Church Const. Co. v. Laidler, 254 Va. 474, 478-79, 493 S.E.2d 521, 524 (1997)).

---

[1] At oral argument, Lowes argued alleged differences in the two employments that, according to the record, Lowes never presented to the commission for consideration. Therefore, Rule 5A:18 bars our consideration of the new evidence on appeal. Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 540 (1999).

Under Virginia law, workers' compensation benefits are computed based upon the employee's "average weekly wage." See Code § 65.2-101. When an employee is injured on one job, the employee's earnings also include the earnings from a concurrent job that is "substantially similar." See Frederick Fire and Rescue v. Dodson, 20 Va. App. 440, 443, 457 S.E.2d 783, 784 (1995). To determine whether two jobs are "substantially similar," we examine the following factors:

> (1) the duties and skills of each job, and (2) the primary mission of the employee on each job. In every situation where the commission is asked to determine whether two or more jobs are substantially similar, the commission must consider not only the particular duties of each job, but also the general nature or type of employment of the two jobs.

Carpenter, 29 Va. App. at 224, 511 S.E.2d at 421 (internal citations and quotation marks omitted).

Here, the commission found that claimant performed delivery work for both employers. Although he delivered different products – appliances and newspapers – the duties required to deliver the products were substantially similar. Both jobs required that claimant pick up the product, load a vehicle, drive a vehicle, follow a delivery route, and deliver the product. Moreover, the "primary missions" of both employments involved "providing customer delivery services," a similar goal. See Creedle Sales Co., Inc. v. Edmonds, 24 Va. App. 24, 480 S.E.2d 123 (1997).

III. CONCLUSION

Credible evidence in the record supports the commission's finding that claimant's employment at Lowes as a delivery driver was substantially similar to his job of delivering newspapers. Therefore, we affirm the commission's conclusion that claimant's two

employments were substantially similar for purposes of computing claimant's average weekly wage.

Affirmed.