COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Petty and Chafin
Argued by teleconference


HOWARD BROTHERS, INC. AND
 ALLIED INSURANCE COMPANY
                                                    MEMORANDUM* OPINION BY
v.        Record No. 1007-13-2                      JUDGE WILLIAM G. PETTY
                                                    MARCH 18, 2014
OTHA ALLEN HOWARD


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Adam E. Strauchler (Robey, Teumer, Drash, Kimbrell & Counts, on
          brief), for appellants.

          Geoffrey R. McDonald (Jamie L. Karek; Geoffrey R. McDonald &
          Associates, P.C., on brief), for appellee.


        Howard Brothers, Inc., the employer, and Allied Insurance Company, its insurer

(collectively referred to as "employer"), appeal a decision of the Virginia Workers'

Compensation Commission awarding Otha Allen Howard ("Howard") medical benefits for a

home health aide and transportation to and from medically-prescribed appointments.  On appeal,

employer presents two assignments of error:  (1) the commission erred in holding that employer

is required to provide a home health aide to Howard because the providing of a home health aide

does not constitute necessary medical attention under the Virginia Workers' Compensation Act

(VWCA); and (2) the commission erred in holding employer responsible for providing Howard

with transportation because the providing of such assistance does not constitute necessary

medical attention under the VWCA.  For the reasons expressed below, we disagree.

Accordingly, we affirm the commission's decision.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"On appeal, '[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" Virginia Polytechnic Institute v. Posada, 47 Va. App. 150, 158, 622 S.E.2d 762, 766 (2005) (alteration in original) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)). Moreover, "[w]e view the evidence in the light most favorable to the prevailing party below, and '[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding.'" Id. (second alteration in original) (quoting Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997)).

II.

A.  Home Health Aide

Employer argues that the commission erred in requiring employer to provide Howard with a home health aide because, in this case, it does not qualify as "other necessary medical attention" under Code § 65.2-603.  We disagree.

Code § 65.2-603 states, in pertinent part:  "As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such *other necessary medical attention*."  (Emphasis added).  It is a well-settled rule that "nursing services, whether rendered in a hospital or at home, are included among the medical benefits that an employer and insurer must furnish, provided the services are

necessary and authorized." Warren Trucking Co. v. Chandler, 221 Va. 1108, 1115, 277 S.E.2d 488, 492-93 (1981). In applying this rule to home health care provided by a spouse, the following requirements must be met:

> [T]he employer must pay for the care when it is performed by a [home attendant], if (1) the employer knows of the employee's need for medical attention at home as a result of the industrial accident; (2) the medical attention is performed under the direction and control of a physician, that is, a physician must state home nursing care is necessary as the result of the accident and must describe with a reasonable degree of particularity the nature and extent of duties to be performed by the [home attendant]; (3) the care rendered by the [home attendant] must be of the type usually rendered only by trained attendants and beyond the scope of normal household duties; and (4) there is a means to determine with proper certainty the reasonable value of the services performed by the [home attendant].

Id. at 1116, 277 S.E.2d at 493.

In Chandler, the claimant suffered a compensable injury. Id. at 1109, 277 S.E.2d at 489. Chandler's wife cared for her husband at home; therefore, she was not able to obtain outside employment. Id. at 1111, 277 S.E.2d at 490. Chandler filed a claim for "home attendant care" so that his wife would be able to leave the home and seek employment. Id. at 1113, 277 S.E.2d at 491. In denying Chandler's claim, the Supreme Court held that the wife's services did not fall within the scope of "necessary medical attention" under Code § 65.2-603. Id. at 1117, 277 S.E.2d at 494. In so holding, the Supreme Court found that Chandler did not meet the second and third requirements above. Id. In analyzing the second requirement, the Supreme Court noted that Chandler's doctors never "described for the wife any 'medical attention' that was 'necessary' for the [claimant]." Id. at 1118, 277 S.E.2d at 494. Instead, the doctors indicated in reports submitted to the commission that there was no need for a continuous home attendant. Id. at 1111, 277 S.E.2d at 491. Furthermore, in analyzing the third requirement, the Supreme Court noted that "the care rendered by the wife was not beyond the scope of normal household duties."

Id. at 1118, 277 S.E.2d at 494. These services included "bathing, shaving, feeding, assistance in walking, help with braces, aid upon falling, driving[,] and administering routine medication." Id. Thus, the Supreme Court held that the wife's services did not fall within the scope of "necessary medical attention" under Code § 65.1-88, which is now Code § 65.2-603.

Here, the parties agree that Howard has met the first and fourth requirements set forth in Chandler. The dispute arises as to whether Howard has met the second and third requirements. In regard to these requirements, this case is distinguishable from Chandler.

Here, the full commission found that the care of a home health aide was directed by Howard's treating physician, Dr. Isaacs. Dr. Isaacs opined, "[Howard's] level of function from both his upper extremity and lower extremity injuries has deteriorated to the point that he would benefit from . . . a daily nurse's aide to come and help him with activities of daily living." Dr. Isaacs prescribed the services of a care aide, "Howard requires 24 hour supervision, due to safety concerns. He also requires 'total care' for all [activities of daily living]." Thus, unlike in Chandler, where Chandler's doctors indicated there was no need for a continuous home attendant, Howard's doctor clearly indicated that Howard's injuries necessitated the need for a home health aide.

The full commission further found that the services of the home health aide would be beyond the scope of normal household duties. Specifically, the full commission held, "In this case, the prescribed care includes more than housekeeping services. It includes medical attention to prevent bed sores. It includes transfers of a morbidly obese patient. It includes bathing and hygiene services. It includes administration of medication. Antibiotics are sometimes administered using the claimant's PICC line." Thus, unlike Chandler, the requested services

- 4 -

here, which had previously been provided by Howard's wife and daughter,[1] are beyond the scope of normal household duties.

Therefore, we hold that there is credible evidence to support the commission's finding that Howard's request for a home health aide falls within the scope of "necessary medical attention" under Code § 65.2-603.

## B. Transportation

Employer next argues that the commission erred in holding employer responsible for providing Howard with transportation because the providing of such assistance does not constitute necessary medical attention under the VWCA. We disagree.

Code § 65.2-603 requires the employer to furnish necessary medical attention causally related to the employee's occupational injury. The commission has held—and the employer acknowledges—that transportation expenses to and from medical treatment are included within the code section. Spaulding v. Kroger Co., VWC File No. 124-36-06 (Apr. 28, 1998); Mabe v. Great Barrier Insulation Co., VWC File No. 130-27-54 (July 10, 1991); see also 5 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 94.03 ("Transportation costs necessarily incurred in connection with medical treatment are compensable, even if the act speaks only of medical and hospital services.").

Nevertheless, employer argues that it does provide Howard with transportation to his medical appointments because it modified Howard's vehicle to accommodate his scooter; thus, it is required to do nothing more to assist Howard with transportation. But in so arguing, employer ignores the fact that Howard cannot drive himself to his medical treatment—Howard's wife drives him. At the hearing before the commission, Howard's wife indicated that she could no

---

[1] Notably, Howard's daughter is an EMT, and she cared for Howard when he otherwise would have had to have been placed in a rehab facility, thereby giving the employer a windfall since the employer normally would have had to pay for placement in a rehab facility.

longer, indefinitely, provide Howard's transportation to his medical treatment. Dr. Isaacs indicated that Howard, who is wheelchair dependent, required assistance with transportation to his medical treatment. Thus, the commission held "that the employer must provide transportation, through whatever reasonable and appropriate means it may arrange, for [Howard] to attend medically-prescribed appointments."

After reviewing the evidence, we agree with the commission. Therefore, we hold that there is credible evidence to support the commission's requirement that the employer provide for payment of transportation to medical appointments.

III.

For the foregoing reasons, we affirm the commission's decision.

Affirmed.