**Richmond**

CYD BEHRENSEN

v.

CLARK WHITAKER, T/A SWIFT CREEK FARM,

and

UNINSURED EMPLOYERS FUND

No. 0629-89-2

Decided May 22, 1990

COUNSEL

Gary R. Hershner (Morrissey & Hershner, on brief), for appellant.

Addison B. Thompson; Christopher D. Eib, Assistant Attorney General (Mary Sue Terry, Attorney General, Walter A. McFarlane, Deputy Attorney General; Bayliss & Thompson, on briefs), for appellees.

OPINION

WILLIS, J.—The claimant, Cyd Behrensen, appeals from an Industrial Commission order denying her workers' compensation benefits from the appellee, Clark Whitaker, trading as Swift Creek Farm. She contends that she carried her burden of proving that she was Whitaker's employee. We disagree and affirm.

On August 11, 1987, Whitaker was conducting a horse boarding and training business on a portion of Mt. Bernard Farm in Goochland County which he leased from the owners. He spent little time in the actual operation of the business, leaving that to his resident employee, William (Buddy) Harris. Edith Massie lodged five horses at the farm.

The claimant, a free lance artist, was a friend of Mrs. Massie. She helped care for Mrs. Massie's horses over a six month period for which Mrs. Massie paid her $400. Mrs. Massie arranged for the owners of Mt. Bernard Farm to rent a cottage to the claimant, advanced her the required security deposit, and cosigned the lease. The claimant continued to care for Mrs. Massie's horses.

The claimant and her daughter owned a horse which they boarded at a place "across the street." As a favor to Mrs. Massie, Whitaker permitted the claimant's horse to be lodged at Mt. Bernard Farm without charge. It was understood that the claimant would, from time to time, help out around Mt. Bernard Farm if and when she saw something that needed to be done. She was to receive no compensation other than the boarding of her horse. She had no specified hours or duties. She was not placed under the supervision of either Whitaker or Harris.

On August 11, 1987, a horse which the claimant was removing from a pasture on a lead was attacked by another horse. In the ensuing fight between the horses, the claimant was trampled and was seriously injured. She brought this proceeding, claiming workers' compensation benefits from Whitaker.

■ One who seeks benefits under the Workers' Compensation Act must show that he is an employee within the definition of Code § 65.1-4. He bears the burden of proving his entitlement. *Carter v. Hercules Powder Co.*, 182 Va. 282, 288, 28 S.E.2d 736, 738 (1944).

■ The elements of an employment relationship are: (1) selection and engagement of the employee, (2) payment of wages, (3) power of dismissal, and (4) power of control of the employee's action. The most important of these is the element of control. *Stover v. Ratliff*, 221 Va. 509, 511-12, 272 S.E.2d 40, 42 (1980).

In *Stover*, the supreme court considered the case of a cattle dealer who employed truckers to transport loads of cattle to assigned destinations. Drawing a distinction between assigning an objective and exercising control over the performance of the work, the court held that the truckers were not employees within the meaning of the Workers' Compensation Act. *Id.* at 512, 272 S.E.2d at 42.

■ *Richmond Newspapers v. Gill*, 224 Va. 92, 294 S.E.2d 840 (1982), involved a claim of a newspaper route carrier. The carrier purchased from the publisher newspapers which he delivered according to a subscription list which belonged to the publisher but was furnished to the carrier for his use. Although the carrier was engaged to deliver the papers, he was not subject to the employer's control in the manner in which he accomplished his job.

Holding that the carrier was not an employee, the court said:

> As a general rule, a person is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed. The power of control is the most significant indicium of the employment relationship.
>
> . . .[A]n employer-employee relationship exists only if the control reserved includes the power to control, not only the result to be accomplished, but also the means and methods by which the result is to be accomplished.

*Id.* at 98, 294 S.E.2d at 893 (citation omitted).

In *Intermodal Services, Inc. v. Smith*, 234 Va. 596, 364 S.E.2d 221 (1988), the court held that a trucker engaged to move trailers from one lot to another was not an employee within the meaning of the Workers' Compensation Act. The court said, "Significantly, the [defendant] did not reserve the right to control the means and methods by which the plaintiff performed the work; it only retained the right to control the result to be attained." *Id.* at 602, 364 S.E.2d at 225.

The Industrial Commission found that the evidence failed to establish a contract of hire or a right of control. It further found that the claimant had no specific duties delineated either by Whitaker or by Harris but was free to do as much or as little about the farm as she wished. The record supports these findings. They are binding on appeal. *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983); Code § 65.1-98.

The relationship between the claimant and Whitaker was one of reciprocal gratuity, terminable upon dissatisfaction, involving no specific employment obligations, no relationship between service and compensation, and no right of control over the performance of the claimant's work. She failed to establish a "contract of hire" within the meaning of Code § 65.1-4.

The ruling of the Industrial Commission is affirmed.

*Affirmed.*

Benton, J., and Cole, J., concurred.