COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


CRAIG R. SIEBEL, SR.

v.          Record No. 2100-95-1          MEMORANDUM OPINION[*]
                                                PER CURIAM
UNIQUE INTERIOR DESIGN                      APRIL 9, 1996
AND
LUMBERMENS MUTUAL CASUALTY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Craig R. Siebel, pro se, on brief).

          (William W. Nexsen; Timothy P. Murphy;
          Stackhouse, Smith & Nexsen, on brief), for
          appellees.


     Craig R. Siebel, Sr. (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he was

an independent contractor rather than an employee of Unique

Interior Design (Unique).  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     "What constitutes an employee is a question of law; but

whether the facts bring a person within the law's designation, is

usually a question of fact."  Baker v. Nussman, 152 Va. 293, 298,

147 S.E. 246, 247 (1929).  Generally, an individual "'is an

employee if he works for wages or a salary and the person who

hires him reserves the power to fire him and the power to

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

exercise control over the work to be performed.  The power of control is the most significant indicium of the employment relationship.'"  Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 893 (1982)).  The employer/employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished.  Id. at 367, 392 S.E.2d at 510.  Unless we can say as a matter of law that claimant's evidence sustained his burden of proving that he worked for employer as an employee rather than an independent contractor, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On September 29, 1994, claimant sustained a back injury when he fell off of a ladder while performing work for Unique, a business owned by claimant's wife.  Claimant and his wife testified that, at the time of claimant's accident, they believed that claimant was working as an independent contractor for Unique.  Unique did not deduct taxes or social security payments from claimant's earnings; rather, it treated its workers as independent contractors by filing 1099 forms for them.

The September 1994 job, at which claimant sustained his back injury, involved hanging wallpaper in fifty stairwells located in the buildings of an apartment complex.  Claimant's wife asked

2

claimant to perform the job. Claimant acknowledged that he was an experienced wallpaper hanger, and that he had been performing jobs for Unique for ten years. Claimant's wife did not instruct claimant on how to hang the wallpaper. She merely provided claimant with a list of the building numbers and the stairwells where he needed to hang the wallpaper. She came by the worksite when she was in the area, but did not inspect the job when claimant finished. Rather, the head of maintenance employed by the apartment complex contacted the contractor who hired Unique, who in turn approved claimant's work. Claimant did not work set hours. He also testified that his wife had the power to fire him.

The testimony of claimant and his wife support the commission's finding that claimant's evidence did not prove that Unique exercised control over the means and methods used by claimant to complete the job. Absent this significant element of the employer/employee relationship, we cannot find as a matter of law that claimant proved he worked for Unique as an employee rather than an independent contractor. Accordingly, we affirm the commission's decision.

Affirmed.