COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MARK EDWARDS T/A EDWARDS
 BUILDING & REMODELING

v.   Record No. 2447-95-1                    MEMORANDUM OPINION*
                                                 PER CURIAM
ROBERT INGALLS                               APRIL 23, 1996
AND
UNINSURED EMPLOYERS' FUND


                                 FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Larry D. King, on brief), for appellant.

            (Byron A. Adams, on brief), for appellee
            Robert Ingalls.

            (James S. Gilmore, III, Attorney General;
            Richard L. Walton, Jr., Senior Assistant
            Attorney General; John J. Beall, Jr.,
            Senior Assistant Attorney General;
            Christopher D. Eib, Assistant Attorney
                     General, on brief), for appellee
            Uninsured Employers' Fund.


     Mark Edwards t/a Edwards Building & Remodeling ("Edwards")

contends that the Workers' Compensation Commission erred in

finding that (1) Robert Ingalls ("claimant") was Edwards'

employee rather than an independent contractor; and (2) that

claimant did not commit willful misconduct pursuant to Code

§ 65.2-306.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

5A:27.

## I.  Employee Status

"What constitutes an employee is a question of law; but whether the facts bring a person within the law's designation, is usually a question of fact."  Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929).  On appellate review, the findings of fact made by the commission will be upheld when supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.  The power of control is the most significant indicium of the employment relationship.'"  Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)).  The employer-employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished.  Id. at 367, 392 S.E.2d at 510.

Edwards operated a business which framed houses.  Edwards testified that he had nine people working for him as of November 12, 1993, the date of claimant's accident.  Edwards did not classify these individuals as employees, rather, he believed they were subcontractors.  Edwards based this belief upon the individuals' work knowledge, the fact that they supplied their own tools, and their agreement not to have taxes taken out of

their wages.

Claimant testified that Edwards decided where and when claimant would work. On various occasions, Edwards transported claimant from one job to another. Claimant stated that Edwards instructed him on the work which needed to be done at each job. Although claimant had experience in framing houses, he called upon Edwards for assistance if he had problems.

On the day of claimant's November 12, 1993 accident, Edwards came to a job where claimant was working on a basement and told claimant to go to another job to work on a porch. While working on the porch, claimant fell from homemade scaffolding built by two co-workers. As a result of the fall, claimant injured his knee.

Edwards paid claimant by the hour on a weekly basis, sometimes in cash and sometimes by check. Claimant quit working for Edwards in June 1993. Through June 1993, Edwards reported claimant's earnings for tax purposes on a W-2 form. Claimant returned to work for Edwards in October 1993. After claimant's November 12, 1993 accident, Edwards reported claimant's earnings on a 1099 form.

The testimony of claimant and Edwards provides credible evidence to support the commission's finding that Edwards' so-called subcontractors, including claimant, were actually Edwards' employees for purposes of workers' compensation. Edwards controlled not only the result to be accomplished by claimant, an

3

hourly employee, but he also controlled the means and methods by which claimant accomplished his job.

Based upon this record, we find that the commission did not err in holding that Edwards employed more than three employees, and that claimant was Edwards' employee.

## II. Willful Misconduct

"To prevail on the defense of willful violation of a safety rule, employer must prove that: (1) the safety rule was reasonable; (2) the rule was known to the employee; (3) the rule was promulgated for the benefit of the employee; and (4) the employee intentionally undertook the forbidden act." Brockway v. Easter, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995).

> Whether the rule is reasonable and applies to the situation from which the injury results, and whether the claimant knowingly violated it, is a mixed question of law and fact to be decided by the commission and reviewable by this Court. But the question of whether an employee is guilty of willful misconduct and whether such misconduct is a proximate cause of the employee's accident are issues of fact.

Id. at 271–72, 456 S.E.2d at 161.

In finding that employer did not establish that "claimant intentionally undertook the purportedly forbidden act," the commission found as follows:

> Croft, who alleges that he told the claimant to get off the scaffolding because someone would get hurt, made the singular exhortation, and then left. There was no enforcement of his alleged dictate. The claimant refutes that any such comment was made to him. He further states that what was built was the type of scaffolding that

4

had been used by him a number of times in the past; and that to his observation it had been built the same way he had used it previously. Even his employer, though suggesting that another scaffolding was available, acknowledged that his employees sometimes choose to build their own, "which was commonplace." Though it would not have taken long to assemble the mason's scaffolding, what necessarily may have taken less time does not imply misconduct not to do it. The evidence predominates that the employee's conduct was not prohibited, but rather was condoned by the employer.

The commission's factual findings are supported by credible evidence, including the testimony of claimant, Croft, and Edwards. Based upon their testimony, the fact finder could infer that employer condoned the employees' practice of building their own scaffolding. Accordingly, we cannot say as a matter of law that the commission erred in finding that employer's evidence failed to prove any wrongful intent on claimant's part. Because of this finding, employer's defense of willful violation of a safety rule cannot prevail. Virginia law requires an employer to prove more than negligence or the exercise of the will in doing an act; employer must prove a wrongful intention. Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 164, 335 S.E.2d 851, 852 (1985).

For the reasons stated, we affirm the commission's decision.

Affirmed.

5