COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


RAYMOND JOSEPH TRACY

v.   Record No. 0910-96-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
GEORGE L. COLEMAN, JR.                      SEPTEMBER 17, 1996
AND
UNINSURED EMPLOYER'S FUND


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Raymond J. Tracy, pro se, on brief).

              (Thomas A. Fitzgerald, II; Stein & Smith, on
              brief), for appellee George L. Coleman, Jr.)

              (James S. Gilmore, III, Attorney General;
              John J. Beall, Jr., Senior Assistant Attorney
              General; Cheryl A. Wilkerson; Assistant
              Attorney General, on brief), for appellee
              Uninsured Employer's Fund.


     Raymond Joseph Tracy ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that (1)

he was not an employee of George L. Coleman, Jr. ("Coleman"); and

(2) he did not prove he sustained an injury by accident arising

out of and in the course of his employment on August 6, 1993.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     "What constitutes an employee is a question of law; but

whether the facts bring a person within the law's designation, is

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

usually a question of fact."  Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929).  Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.  The power of control is the most significant indicium of the employment relationship.'"  Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)).  The employer/employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished.  Id. at 367, 392 S.E.2d at 510.  Unless we can say as a matter of law that claimant's evidence sustained his burden of proving that he worked for Coleman as an employee rather than an independent contractor, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that an employee/employer relationship did not exist between claimant and Coleman, the commission found as follows:

> The evidence does not establish that Coleman
> had either the power to control the means and
> methods which the claimant used in performing
> his job as a long-haul truck driver or the
> power to specify the results attained.  The
> weight of the evidence leads to the
> conclusion that he was not hired on Coleman's
> authority; that Coleman did not have the
> right to terminate his employment; that he

2

was engaged in driving a truck leased by a different business entity; and that his actions were controlled by that entity. In making this determination, we rely principally on the testimony of Coleman, Valentine [claimant's co-worker], and Winter [manager/dispatcher for J.D. Martin & Sons Trucking]. Further, all parties testified that the claimant had control over the routes to be used and had the right to accept or reject loads at the pick-up point. Any loads accepted had to be approved by Martin, not Coleman.

In its role as fact finder, the commission accepted the testimony of Coleman, Valentine, and Winter and rejected claimant's testimony in regard to his employment status. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The testimony of Coleman, Valentine, and Winter support the commission's finding that claimant was not an employee of Coleman under the Workers' Compensation Act. Accordingly, we cannot say as matter of law that claimant's evidence sustained his burden of proof.

Because our holding on this issue disposes of this appeal, we will not address the second issue concerning whether claimant proved a compensable injury by accident. For the reasons stated, we affirm the commission's decision.

Affirmed.

3