COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JESSE E. BOWLING, JR.

v.   Record No. 1540-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
P & G OIL CORPORATION t/a                    DECEMBER 10, 1996
 P & G TRUCKING CORPORATION AND
 THE UNINSURED EMPLOYER'S FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (James B. Feinman; Esther S. McGuinn, on
                brief), for appellant.

                (J. Gorman Rosenberger, Jr.; Wilson, Garbee &
                Rosenberger, on brief), for appellee P & G
                Oil Corporation t/a P & G Trucking
                Corporation.

                (James S. Gilmore, III, Attorney General;
                Robert L. Walker, Assistant Attorney General;
                John J. Beall, Jr., Assistant Attorney
                General, on brief), for appellee The
                Uninsured Employer's Fund.


     Jesse E. Bowling, Jr. ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in denying

him compensation benefits on the ground that he was an

independent contractor, rather than an employee of P & G Oil

Corporation ("P & G"), at the time of his industrial accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     "What constitutes an employee is a question of law; but

───────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

whether the facts bring a person within the law's designation, is usually a question of fact." Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929). Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed. The power of control is the most significant indicium of the employment relationship.'" Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)). See also Stover v. Ratliff, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980). The employer/employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished. Behrensen, 10 Va. App. at 367, 392 S.E.2d at 510. Unless we can say as a matter of law that claimant's evidence sustained his burden of proving that he worked for P & G as an employee rather than an independent contractor, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that an employee/employer relationship did not exist between claimant and P & G, the commission found as follows:

> Even without considering the Contract Agreement itself, we agree with the Deputy Commissioner's conclusion that the claimant was an independent contractor. . . . The Deputy Commissioner found the defendants

2

credible in their testimony regarding the claimant's autonomy in selecting his own loads and determining his routes and schedule. While we are not bound by these credibility determinations, we will not arbitrarily reject them. The evidence reflects that the claimant was given a list of brokers whom he was to contact to obtain loads to haul. These brokers advanced claimant expenses for the trip. The claimant reported daily on his whereabouts to the defendant, who paid the claimant twenty-five percent of the proceeds. The corporation owned and maintained the truck, as well as the ICC license. However, the claimant was free to turn down loads, and chose his own routes. These factual findings point towards an independent contractor relationship.

In its role as fact finder, the commission accepted the testimony of P & G's witnesses and rejected claimant's testimony with regard to his employment status. It is well settled that credibility determinations are within the fact finder's exclusive purview. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The testimony of P & G's witnesses supports the commission's finding that claimant was not an employee of P & G under the Workers' Compensation Act ("the Act"). Accordingly, we cannot say as a matter of law that claimant's evidence sustained his burden of proof.

We also find no merit in claimant's argument that even if the commission did not err in finding that he was an independent contractor, it erred in not holding P & G responsible to him for workers' compensation benefits pursuant to Code § 65.2-302. Code § 65.2-302(A)(1) does not provide workers' compensation benefits to independent contractors who are not employees under the Act.

3

Rather, Code § 65.2-302(A)(1) renders an owner liable for workers' compensation benefits to workers employed by a subcontractor, where the owner has contracted with the subcontractor for the subcontractor to perform work which is a part of the owner's trade, business, or occupation. Code § 65.2-302 has no applicability to the facts of this case.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

4