COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


GEORGE PHILLIP THOMAS

                                          MEMORANDUM OPINION*
v.   Record No. 0896-97-3                    PER CURIAM
                                          SEPTEMBER 9, 1997

RICHARDSON BUILDERS, INC. and
 SOUTHERN INSURANCE COMPANY
 OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Philip B. Baker; Joseph A. Sanzone
               Associates, on brief), for appellant.

               (Cathie W. Howard; Pierce & Howard, on
               brief), for appellees.


     George P. Thomas (claimant) contends that the Workers'

Compensation Commission erred in finding that he was an

independent contractor rather than an employee of Richardson

Builders, Inc. (employer) at the time of his October 1, 1994

injury by accident.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     "What constitutes an employee is a question of law; but,

whether the facts bring a person within the law's designation, is

usually a question of fact."  Baker v. Nussman, 152 Va. 293, 298,

147 S.E. 246, 247 (1929).  Generally, an individual "'is an

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed. The power of control is the most significant indicium of the employment relationship.'" Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)). See also Stover v. Ratliff, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980). The employer-employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished. Behrensen, 10 Va. App. at 367, 392 S.E.2d at 510. Unless we can say as a matter of law that claimant's evidence sustained his burden of proving that he worked for employer as an employee rather than an independent contractor, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that an employee-employer relationship did not exist between claimant and employer, the commission found as follows:

> The issue in this case is whether the employment relationship ended on September 22, 1994, as alleged by Mr. Richardson. This becomes an issue of credibility. Mr. Richardson's testimony that the claimant terminated the exclusive employment relationship to work as an independent contractor is corroborated by his payroll records. The claimant's testimony

2

is corroborated to some extent by two co-workers, who testified that the claimant worked with them up until the time of the accident, and they were unaware of any change in his status. However, the testimony of one of these employees was equivocal in terms of whether the claimant was definitely working on the Friday before the accident, and both witnesses were incorrect about the date of the accident in their initial statements. Although we are somewhat troubled by the finding that the claimant changed his status from employee to independent contractor while working at the same house (Number 15), nonetheless we are persuaded by Mr. Richardson's testimony.

In its role as fact finder, the commission accepted Richardson's testimony and rejected the testimony of claimant and his two co-workers with regard to claimant's employment status. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Richardson's testimony, which was corroborated by the payroll records, supports the commission's finding that claimant was not an employee under the Workers' Compensation Act. Accordingly, we cannot say as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.

3