COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


DOG FACE MANAGEMENT, INC.,
 t/a TONY ELLIOTT BAND and
 ANTHONY D. ELLIOTT

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0530-97-1          JUDGE RICHARD S. BRAY
                                      NOVEMBER 18, 1997
WILLIAM T. USHER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Karen M. Rye for appellants.

          C. Allen Riggins (Parker, Pollard & Brown, on
          brief), for appellee.


     Dog Face Management, Inc., t/a Tony Elliott Band, and

Anthony D. Elliott (collectively Elliott) appeal a decision of

the Workers' Compensation Commission awarding benefits to William

J. Usher (claimant).  On appeal, employer complains that the

commission erroneously concluded that claimant was not an

independent contractor but, rather, an employee entitled to

benefits under the Workers' Compensation Act (Act).  We disagree

and affirm the award.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

     "The [Act] covers employees but not independent

contractors."  County of Spotsylvania v. Walker, 25 Va. App. 224,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

229, 487 S.E.2d 274, 276 (1997). The distinction must be determined from the facts of each case, with the burden upon a claimant to prove an employer/employee relationship contemplated by the Act. Id. at 229-30, 487 S.E.2d at 276; see Code § 65.2-101. Although factual findings of the commission, supported by credible evidence, are binding and conclusive on appeal, James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); see Code § 65.2-706, a "[d]etermination of the relationship involves a mixed question of law and fact reviewable on appeal." County of Spotsylvania, 25 Va. App. at 230, 487 S.E.2d at 276.

Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed. The power of control is the most significant indicium of the employment relationship.'" Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-510 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)); see also Stover v. Ratliff, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980).

> [T]he right of control includes not only the power to specify the result to be attained, but the power to control 'the means and methods by which the result is to be accomplished.' An employer/employee relationship exists if the party for whom the work is to be done has the power to direct the means and methods by which the other does the work. '[I]f the latter is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee

but an independent contractor.'

*Intermodel Servs., Inc. v. Smith*, 234 Va. 596, 601, 364 S.E.2d 221, 224 (citations omitted).

Here, the evidence disclosed that Anthony Elliott, self-described "leader" of the "Tony Elliott Band,"[1] hired claimant, a professional musician, to play guitar with the group at an agreed weekly salary of $300. Claimant was expected to provide and maintain equipment necessary to his performance in accordance with instructions from Elliott. Elliott directed the time, place, and duration of band rehearsals and approved engagements for the band, together with attendant dress requirements, musical style and selections.[2] In early June, 1995, Elliott terminated claimant, with the understanding that he remain for a final performance in Raleigh, North Carolina.

On the evening of June 10, 1995, while preparing for this engagement, claimant fell from steps leading to the stage, suffering head, back, and neck injuries. Claimant, nevertheless, performed as agreed, drove himself back to Virginia, and sought treatment at Riverside Emergency Trauma Center the following day. Diagnosed with scalp contusions and back muscle spasms, the attending physician ordered claimant from work for two days. Dr. James F. Allen, a neurosurgeon, also treated claimant and

---

[1]Later incorporated as Dog Face Management, Inc.

[2]Employer's argument that the band was actually controlled by its "agent," Cellar Door, is belied by the record.

restricted his work activity to "brief sessions" and "jobs locally" for a period of two weeks. Dr. Allen ultimately discharged claimant from his care on July 28, 1995.

Such evidence clearly established that claimant was hired and fired by Elliott, serving in the interim, including the time of injury, under Elliott's direction and control for an agreed salary, circumstances which defined claimant as an employee entitled to benefits of the Act in accordance with the commission's decision.

Employer also appealed to the commission the deputy's finding that claimant's response to Elliott's request for admissions did not limit his disability entitlement to the "period 6/10/95 through 6/30/95." Although such issue was again appealed, briefed and argued before this Court, it was not expressly decided by the commission. We, therefore, remand this question for resolution by the commission, with an appropriate award of related benefits.

<u>Affirmed and remanded.</u>