COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


WILLIAM L. CASPER
                                        MEMORANDUM OPINION[*]
v.   Record No. 3012-97-2                   PER CURIAM
                                           MAY 12, 1998
COMMERCIAL INTERIOR CONTRACTING, INC.
AND
NATIONWIDE MUTUAL INSURANCE COMPANY


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (William L. Casper, pro se, on brief).

          (Benjamin J. Trichilo; Trichilo, Bancroft,
          McGavin, Horvath & Judkins, on brief), for
          appellees.


     William L. Casper contends that the Workers' Compensation

Commission erred in finding that he was an independent

contractor.  Casper argues that Commercial Interior Contracting,

Inc. was his employer at the time of his June 28, 1995 industrial

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So

viewed, the evidence proved that Casper was a drywall finisher

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

with twenty-eight years of experience.  Casper testified that Commercial hired him to perform "piece work," assigned him a particular task, and did not supervise his work.  Casper provided his own tools and stilts.  Commercial provided ladders and scaffolding.  On June 28, 1995, after completing drywall finishing work, Casper agreed to perform extra work involving firetaping on a wall at a height in excess of ten feet.  As Casper was standing on a stepladder positioned on a scaffold, he fell and injured his left hip and left wrist.

Casper testified that Commercial paid him a flat fee for all drywall finishing work he performed at a ten foot or lower level.  He also testified that Commercial agreed to pay him by the hour for the firetaping he agreed to perform on June 28, 1995.  Casper admitted that he filed federal income tax forms as a self-employed drywall finisher for calendar years 1993 through 1995.

Gary LeBlanc and Stephen Creeden, the co-owners of Commercial, testified that Casper was hired as a subcontractor on three small drywall projects in May and June 1995.  Although they directed Casper to the location of the work, they did not supervise Casper's work in any manner.  Commercial paid Casper a flat fee for each job he completed and paid Casper a total of $1,200 for his work without deduction for taxes or Social Security.  Commercial issued Casper a federal income tax Form 1099 for all monies paid to him during the calendar year 1995.

LeBlanc and Creeden testified that on June 28, 1995, Commercial agreed to pay Casper $450 for drywall finishing work and $50 for the firetaping work Casper agreed to perform.

"What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact."  Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929).  Generally, an individual "is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.  The power of control is the most significant indicium of the employment relationship."  Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982).  See also Stover v. Ratliff, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980).  The employer/employee relationship exists only if the power to control includes the result to be accomplished and the means and methods by which the result is to be accomplished.  See Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990).  Unless we can say as a matter of law that Casper's evidence sustained his burden of proving that he worked for employer as an employee rather than an independent contractor, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that an employee/employer relationship did not exist between Casper and Commercial, the commission found that

Casper, an experienced drywall finisher, retained complete control over the manner in which he performed his work. In addition, the commission found the testimony of LeBlanc and Creeden more persuasive than Casper's testimony regarding the manner in which Commercial paid Casper for the firetaping work.

Based upon this record, the commission could reasonably conclude that Commercial did not exercise the requisite control over Casper to make him its employee. In addition, in its role as fact finder, the commission was entitled to accept the testimony of LeBlanc and Creeden and to reject Casper's testimony regarding the manner in which Commercial agreed to pay Casper for the June 28, 1995 firetaping work. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The record amply supports the commission's finding that Casper was not an employee under the Workers' Compensation Act.

For these reasons, we affirm the commission's decision.

Affirmed.