COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JON W. JUNGERS t/a
 RICHMOND MODULAR
                                    MEMORANDUM OPINION*
v.   Record No. 1207-98-2               PER CURIAM
                                     OCTOBER 27, 1998
NORMAN REED POWERS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Phyllis L. Bean, on brief), for appellant.

          (Ruth E. Nathanson; Maloney, Huennekens,
          Parks, Gecker & Parsons, on brief), for
          appellee.


     Jon W. Jungers t/a Richmond Modular ("Richmond Modular")

contends that the Workers' Compensation Commission ("commission")

erred in finding that (1) Norman Reed Powers ("claimant") was an

"employee" of Richmond Modular; (2) employer failed to prove that

claimant's willful failure or refusal to use a safety appliance

barred his claim pursuant to Code § 65.2-306(A)(4); and (3)

Richmond Modular was an "employer" subject to a fine under the

Workers' Compensation Act ("the Act") for failing to carry

workers' compensation insurance.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

_____

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I. and III.

"What constitutes an employee is a question of law; but whether the facts bring a person within the law's designation, is usually a question of fact." Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929). On appellate review, the findings of fact made by the commission will be upheld when supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed. The power of control is the most significant indicium of the employment relationship.'" Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)). The employer-employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished. See id. at 367, 392 S.E.2d at 510.

In holding that claimant was an employee of Richmond Modular, the commission made the following findings:

> [T]he claimant and his co-workers credibly testified that they were paid on an hourly basis based upon time sheets that they had to turn in to the employer. In addition, the workers were not required to bring their own tools; were directed by the employer to particular jobsites; were directed by the employer to be at the worksite by 7:00 a.m.; and were reimbursed for traveling expenses.

Furthermore, the particular job on which the claimant was injured supports the claimant's statement that the employer retained control. When uncertain as to whether or not to use a backhoe, the claimant requested advice from the employer and that advice was given. Therefore, as the Deputy Commissioner correctly noted, the credible testimony of the claimant and his co-workers indicate that Richmond Modular regularly employed at least three people who were not independent contractors but, instead, employees of Richmond Modular.

The testimony of claimant and his co-workers, Tim Christiansen, Benjamin Ragland, and Charles Smelser, provide ample credible evidence to support the commission's findings. Their testimony supports a finding that Richmond Modular controlled not only the result, but also the means and methods by which the work was to be accomplished. Thus, we find that credible evidence supports the commission's findings, and those findings indicate that claimant was Richmond Modular's employee pursuant to the Act.

The testimony of claimant and his co-workers also provides credible evidence to support the commission's finding that Richmond Modular employed at least three or more employees. Thus, the commission did not abuse its discretion in issuing a fine of $1,500 against Richmond Modular for failure to maintain workers' compensation insurance pursuant to Code § 65.2-800.

II.

Code § 65.2-306(A)(4) provides as follows: "No compensation shall be awarded to the employee . . . for an injury . . . caused

- 3 -

by: . . . 4. The employee's willful failure or refusal to use a safety appliance or perform a duty required by statute . . . ." "Whether an employee is guilty of willful misconduct is a question of fact to be resolved by the commission and the commission's finding is binding on appeal if supported by credible evidence." Adams ex rel. Boysaw v. Hercules, Inc., 21 Va. App. 458, 463, 465 S.E.2d 135, 137 (1995).

In holding that employer failed to prove that claimant committed willful misconduct, the commission found as follows:

> The employer's assertion that the claimant did not follow a commonly known safety procedure is insufficient to establish the affirmative defense of willful misconduct. The fact that the claimant sought out the employer's advice as to the use of a backhoe in taking down a chimney clearly shows that the claimant did not have a wrongful intention in going about the job. Instead, he sought out the appropriate way to take down the wall and was instructed in how to do so. Given the claimant's inexperience in chimney demolition and the lack of any express safety standard by the employer, the employer clearly has not met his burden of proving that claimant's injury was due to his willful misconduct.

Claimant's testimony provides credible evidence to support the commission's findings. Claimant testified that he had never demolished a chimney before and sought instruction from employer, but received no safety directions. No evidence showed that employer ever held safety meetings; that employer ever promulgated safety rules; or that employer ever told its employees, including claimant, to shore the chimney by using a

brace.  Thus, no evidence proved that claimant intended to commit an act which he knew, or should have known, was wrongful or forbidden.

> "'Wilful' . . . imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention.  An intention to do an act that he knows, or ought to know, is wrongful, or forbidden by law. . . .  There cannot, however, be a wilful failure to perform an unknown duty."

Brockway v. Easter, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995) (quoting King v. Empire Collieries Co., 148 Va. 585, 590-91, 139 S.E. 478, 479 (1927)).

Because credible evidence supports the commission's findings, we cannot say that the commission erred in ruling that employer failed to prove that claimant was guilty of willful misconduct.

For the reasons stated, we affirm the commission's decision.

Affirmed.