COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


WADE MICHAEL SHELDON

                                    MEMORANDUM OPINION[*]
v.   Record No. 0655-98-4      BY JUDGE WILLIAM H. HODGES
                                       JANUARY 12, 1999
SPIRITS RESTAURANT, A/K/A
 J.J. NIKITAKIS & COMPANY,
 INC. AND VIRGINIA HOSPITALITY
 GROUP SELF-INSURANCE ASSOCIATION,
 LANDIN, INC.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Peter A. Cerick for appellant.

          R. Ferrell Newman (Anne M. Dobson; Thompson,
          Smithers, Newman & Wade, on brief), for
          appellees.


     Wade Michael Sheldon ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

was an independent contractor rather than an employee of Spirits

Restaurant ("employer") at the time of his January 14, 1996

injury by accident.  Because we find as a matter of law that the

evidence was sufficient to prove that claimant was an employee

rather than an independent contractor, we reverse the

commission's decision.

          This appeal does not present a case of
          conflicting evidence or a dispute concerning
          the commission's findings of fact.  When the
          issue is the sufficiency of the evidence and
          there is no conflict in the evidence, the
          issue is purely a question of law.  This
          Court is not bound by the legal

          [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

determinations made by the commission. "[W]e must inquire to determine if the correct legal conclusion has been reached."

Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)) (other citations omitted), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

James Nikitakis testified that he is the president of a corporation which runs a restaurant business, including the Grapevine Restaurant. The building which houses the Grapevine Restaurant and some attached apartments was damaged by fire and smoke. Nikitakis directed Johnnie Green to oversee and complete the renovation and repair of the building. Green worked for Nikitakis as a salaried employee, managing some of the corporation's restaurants and performing maintenance and renovation work. Green and his helper, Scotty Cox, began performing the repair work on the apartments.

Shortly thereafter, claimant, an experienced carpenter, sought work from Nikitakis. Nikitakis sent claimant to talk to Green about working on the repair and renovation job. Claimant stated that he went to the worksite and that Green organized what he wanted claimant to do. Claimant's primary duties involved installing a window and a closet. Claimant also helped to change sheet rock and assisted the electrician. Green showed claimant how he wanted the window installed with pressure treated wood up against the brick and then trimmed with 1 x 1's on the outside

and framed. Green also told claimant how he wanted some old doors put in a closet. At times, Nikitakis was present on the jobsite and gave instructions to Green and claimant. Upon completion of the job, if no more work was available, claimant would have sought work elsewhere. Claimant was paid $13 per hour with no taxes withheld, as had been the practice when he had worked for Nikitakis in the past. Claimant did not receive a W-2 Form or a 1099 Form.

Green testified that he gave claimant instructions on the material to use for the window sill and the trim. Green told claimant how he wanted the window to look when completed. Nikitakis provided the materials for the job, but claimant furnished his own tools. Green viewed himself as claimant's supervisor. Nikitakis would have made any decision regarding whether to fire claimant.

Claimant and Green stated that their work hours were set by Green. Green had a key to the building and provided claimant with access into the building at the start of the workday. Claimant stayed on the job until Green locked up and left at the end of the day. Green also decided when he and claimant took a break or had lunch.

It was undisputed that on January 14, 1996, claimant sustained a near amputation of his left thumb while working on the repair and renovation of the apartments.

Generally, an individual "'is an employee if he works for

wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.  The power of control is the most significant indicium of the employment relationship.'"  Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)).  See also Stover v. Ratliff, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980).  The employer-employee relationship exists if the power to control includes not only the result to be accomplished, but also the means and methods by which the result is to be accomplished.  See Behrensen, 10 Va. App. at 367, 392 S.E.2d at 510.  However, "'it is not the actual exercise of [this] control, but the right [to] control,' that is determinative."  James v. Wood Prods. of Virginia, 15 Va. App. 754, 757, 427 S.E.2d 224, 226 (1993) (quoting Hann v. Times-Dispatch Publ'g Co., 166 Va. 102, 106, 184 S.E. 183, 185 (1936)).

It was undisputed that employer paid claimant wages by the hour and reserved the power to fire him.  When employer hired claimant, Nikitakis did not negotiate with claimant for him to perform the job.  Rather, Nikitakis told claimant to report to Green, who then gave claimant instructions and supervised claimant on the job.  Green provided access to the jobsite for claimant.  Green set claimant's work hours and break times. Green instructed claimant on how he wanted the window and closet

- 4 -

completed, and Nikitakis provided the materials.

The testimony of claimant, Green, and Nikitakis was sufficient to prove as a matter of law that employer retained the right to control "the means and methods" by which claimant performed his work. "[W]ithout rejecting the testimony before it, the commission could not have concluded that [claimant] was an independent contractor. Because the commission did not reject the testimony, we must conclude that its decision rests upon the incorrect conclusions of law it expressed and that it erred in denying [claimant] compensation." Id. at 758, 427 S.E.2d at 226.

For these reasons, the commission's decision is reversed.

Reversed.