COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


ROBERT LEE THACKER
                                MEMORANDUM OPINION* BY
v.    Record No. 3111-99-4       JUDGE LARRY G. ELDER
                                      JULY 11, 2000
TNT INSULATIONS COMPANY/ALICE JOAN THACKER AND
 HARTFORD UNDERWRITERS INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Elliot P. DeMatteis (Suzanne B. Simpson;
            Timothy J. McEvoy; Bean, Kinney & Korman, on
            brief), for appellant.

            S. Vernon Priddy III (Sands, Anderson,
            Marks & Miller, on brief), for appellees.


    Robert Thacker (claimant) appeals from a decision of the

Workers' Compensation Commission (commission) holding that he

was an independent contractor and was not entitled to disability

benefits from TNT Insulations Company and its insurer, Hartford

Underwriters Insurance Company.  On appeal, he contends the

commission erred in concluding he was not a covered employee

within the meaning of the Workers' Compensation Act (the Act)

and in failing to reach three additional issues mooted by the

commission's ruling on his employee status.  TNT includes two

issues for cross-appeal.  First, if this Court adopts the deputy

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

commissioner's conclusion that claimant was covered under the Act as a partner, TNT contends that claimant's lack of timely notice to the insurer bars his recovery. Second, TNT contends that the commission wrongly held the Act does not require a claimant to specify the subsection of Code § 65.2-101 under which he claims coverage. We hold that, in the absence of an order from the commission or specific interrogatory from the employer or insurer under Commission Rules 1.11 or 1.8 respectively, the Act does not require a claimant to specify the portion of Code § 65.2-101 under which he claims coverage. We also hold that claimant was an employee under that code section as a matter of law. Therefore, we reverse the commission's denial of benefits and remand for further proceedings consistent with this opinion.

A.

DUTY TO ASSERT BASIS FOR CLAIM OF EMPLOYEE STATUS

As a threshold issue, the insurer contends claimant was required before the deputy commissioner to specify the particular subsection of Code § 65.2-101's definition of employee (1(a) to (q)) under which he claimed employee status. The commission held that such specification was not necessary, and we agree. A claimant seeking benefits bears the burden of proving he is an employee within the definition of Code § 65.2-101. See Behrensen v. Whitaker 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990). However, nothing in that code section

- 2 -

or any other portion of the Act requires the employee to elect the subsection or subsections under which he claims coverage. All the Act requires is that the claimant's evidence establish an entitlement to coverage.

Commission Rule 1.11 permits the commission to "require a prehearing statement by the parties as to the particulars of a claim and the grounds of defense." Pursuant to Commission Rule 1.8(H), an employer or insurer is free to propound interrogatories to a claimant seeking the basis for his claim that he is a covered employee under Code § 65.2-101. However, nothing in this record indicates that either the commission or the insurer queried claimant about the subsection or subsections of Code § 65.2-101 under which he claimed employee status. Therefore, the commission did not err in holding the deputy commissioner properly evaluated claimant's status as an employee under all subsections.

B.

COVERAGE AS EMPLOYEE UNDER CODE § 65.2-101

The Act provides, in relevant part, that an employee entitled to coverage under the Act includes "[e]very person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except . . . one whose employment is not in the usual course of the trade, business, occupation or profession of the employer." Code § 65.2-101. A claimant seeking benefits under the Act bears the

burden of proving he is an employee within the definition of Code § 65.2-101. See Behrensen, 10 Va. App. at 366, 392 S.E.2d at 509. "'What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact.'" Intermodal Servs., Inc. v. Smith, 234 Va. 596, 600, 364 S.E.2d 221, 224 (1988) (quoting Baker v. Nussman, 152 Va. 293, 302, 147 S.E. 246, 249 (1929)). The commission's findings of fact on this issue are binding and conclusive upon us if supported by credible evidence. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). However, if claimant's evidence proved as a matter of law that he was an employee of TNT rather than an independent contractor at the time of his accident, we must reverse. See id.

"[W]hether a person is an employee or independent contractor 'is governed not by any express provision of the [workers'] compensation law, but by the common-law.'" Richmond Newspapers v. Gill, 224 Va. 92, 97, 294 S.E.2d 840, 843 (1982) (quoting Hann v. Times-Dispatch Pub. Co., 166 Va. 102, 105, 184 S.E. 183, 184 (1936)). "[F]our elements . . . are considered: (1) Selection and engagement of the servant; (2) payment of wages; (3) power of dismissal; and (4) the power of control of the servant's action." Crowder v. Haymaker, 164 Va. 77, 79, 178 S.E. 803, 804 (1935). The power of control which is determinative is the power to control not only the result to be

- 4 -

obtained but also "the means and methods by which the result is to be accomplished." Gill, 224 Va. at 98, 294 S.E.2d at 843. If the alleged employee "is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee but an independent contractor." Virginia Employment Comm'n v. A.I.M. Corp., 225 Va. 338, 347, 302 S.E.2d 534, 540 (1983).

"The extent of the reserved right of control," the critical factor in assessing employee status, "may be determined by examining the performance of the parties." Smith, 234 Va. at 601, 364 S.E.2d at 224. Where the record fails to establish that the employer had any right to dictate how claimant would accomplish the desired result, claimant has failed to meet his burden of proof. See Stover v. Ratliff, 221 Va. 509, 512, 272 S.E.2d 40, 42 (1980).

Here, although Mrs. Thacker did not, in fact, dictate precisely how or during what hours claimant was to obtain and complete insulation jobs, the evidence as a whole establishes indicia of a retained power of control sufficient to compel the conclusion that claimant was an employee as a matter of law. Claimant had no employment contract, placing him in the legal status of an at-will employee who could be fired at any time for any reason or no reason. See Gill, 224 Va. at 100, 294 S.E.2d at 844. That claimant was Mrs. Thacker's husband and perhaps not likely to have been fired is not dispositive of his legal status in relation to the company. Further, the commission

- 5 -

noted the uncontradicted evidence that claimant was paid wages for his work. TNT withheld taxes from these wages, paid claimant's workers' compensation premiums and union dues, and issued claimant a W-2 Form for each tax year.

Finally, the evidence indicated other ways in which TNT retained control over the means by which the result would be achieved. Unlike the independent contractor in Gill, who purchased and delivered newspapers to customers in whatever manner he saw fit, see 224 Va. at 99, 294 S.E.2d at 844, TNT provided claimant with a vehicle in which to perform his work, and TNT, not claimant, insured the vehicle. Unlike Gill, who bought his own supplies, see 224 Va. at 101, 294 S.E.2d at 845, claimant purchased supplies in the name of TNT, and the supplies were charged to TNT's account. Mrs. Thacker included the cost of these supplies on the Schedule C Statement of Profit and Loss for the company, which she filed with her income taxes each year. TNT, via owner Mrs. Thacker, received payment for all work done by claimant on TNT's behalf, and unlike Gill, 224 Va. at 99, 294 S.E.2d at 844, the record contains no evidence that claimant bore any risk of loss from a customer's non-payment. Finally, claimant testified that when he worked for another company, he gave the payment he received to Mrs. Thacker for deposit in the TNT company account.

Although Mrs. Thacker may have been unfamiliar with the finer details of insulation work, the above evidence belies the

- 6 -

commission's conclusion that she had no power of control over the means by which the result sought by the company was to be accomplished. Her mere inability to exercise certain aspects of her power based on lack of knowledge is insufficient to rebut the indicia of retained power demonstrated by the factors outlined above. Therefore, under the facts of this case, we hold, as a matter of law, that claimant was an employee within the meaning of Code § 65.2-101.

Because we hold claimant was a covered employee, we need not consider the parties' remaining assignments of error. We reverse the commission's decision denying benefits and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>