COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


DIVERSIFIED TECHNOLOGY, LLC AND
 PRINCETON INSURANCE COMPANY
                                      MEMORANDUM OPINION*
v.    Record No. 1860-02-1              PER CURIAM
                                        DECEMBER 10, 2002
STEVE PANCOAST

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (S. Vernon Priddy III; Mary Louise Kramer;
            Sands Anderson Marks & Miller, on brief), for
            appellants.

            (Ann K. Sullivan; David N. Payne; Crenshaw,
            Ware & Martin, P.L.C., on brief), for
            appellee.


      Diversified Technology, LLC ("Diversified Technology") and

its insurer contend the Workers' Compensation Commission erred

in finding that Steve Pancoast (claimant) was its employee at

the time of his compensable injury by accident on May 1, 2001.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.[1]

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

      [1] Diversified Technology raises five Questions Presented in
its brief.  However, all of those questions address the sole
issue of whether claimant was Diversified Technology's employee
rather than an independent contractor.  Accordingly, on appeal,
we address that sole issue, while taking into account the
various arguments made by Diversified Technology in its brief.

"The Workers' Compensation Act covers employees but not independent contractors." County of Spotsylvania v. Walker, 25 Va. App. 224, 229, 487 S.E.2d 274, 276 (1997). This distinction must be determined from the facts of each case, with the burden upon the person seeking benefits under the Act to prove the employer/employee relationship contemplated by the Act. Id. at 229-30, 487 S.E.2d at 276; see Code § 65.2-101. Although the commission's factual findings are binding and conclusive on appeal, when they are supported by credible evidence, see James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989), a "[d]etermination of the [employer/employee] relationship involves a mixed question of law and fact which is reviewable on appeal." County of Spotsylvania, 25 Va. App. at 230, 487 S.E.2d at 276.

Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed. The power of control is the most significant indicium of the employment relationship.'" Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)).

> [T]he right of control includes not only the power to specify the result to be attained, but the power to control "the means and methods by which the result is to be accomplished." An employer/employee

relationship exists if the party for whom the work is to be done has the power to direct the means and methods by which the other does the work. "[I]f the latter is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee but an independent contractor." The extent of the reserved right of control may be determined by examining the performance of the parties in the activity under scrutiny.

Intermodal Servs., Inc. v. Smith, 234 Va. 596, 601, 364 S.E.2d 221, 224 (1988) (citations omitted).

In holding that an employee/employer relationship existed between claimant and Diversified Technology, the commission made the following findings:

> [T]he record established that Diversified Technologies exercised a significant amount of control over the claimant to make him an employee. The Deputy Commissioner believed the claimant's testimony regarding the means and methods of the work he performed. This testimony established that the claimant worked for the employer, side by side with [Jon] King at the job sites, and that King instructed the claimant on the means and methods of the work to be performed. King also directed the claimant's work hours. The claimant did not supply his own tools, although he did have some of his own. The evidence showed that King supplied the cable and the essential tools for the job on which the claimant worked. The evidence also showed that King would correct any mistakes in the work and solve any problems. All of these factors support the Deputy Commissioner's conclusion that the claimant was an employee of Diversified Technologies.

Claimant's testimony constitutes credible evidence to support the commission's finding that he was Diversified

- 3 -

Technology's employee rather than an independent contractor. As fact finder, the commission was entitled to weigh the credibility of the witnesses, to accept claimant's testimony, and to reject the contrary testimony of employer's witnesses. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Claimant's testimony established that he had only limited experience in the cable industry and that King agreed to provide claimant with minimal training. Claimant's testimony also proved that Diversified Technology hired him for an indefinite period and not for any specific job. Claimant's testimony, as well as King's testimony, established that Diversified Technology agreed to pay claimant wages equal to a certain percentage of the profits realized from the work performed. Claimant's right to a share of the profits did not necessarily make him an independent contractor, rather "[i]t merely constituted the manner of payment and the measure of compensation for his services . . . ." Jackson v. Haynie's Adm'r, 106 Va. 365, 368, 56 S.E. 148, 149 (1907). Moreover, "[p]ayment of wages, alone, is not the determinative factor." Purvis v. Porter Cabs, Inc., 38 Va. App. 760, 773 n.4, 568 S.E.2d 424, 430 n.4 (2002).

Claimant's testimony also proved that King obtained the work that he and claimant performed; King instructed claimant as

to where and when to report for work; King supplied the essential tools for the job; King obtained the supplies necessary to complete the job; and King reserved the right to exercise control over the means and methods by which claimant's work was ultimately accomplished. Lastly, King admitted in his deposition testimony that he could have had claimant removed from the jobsite by the police if claimant did not perform his assigned duties in a manner that was acceptable to King.[2] Thus, credible evidence supports the commission's finding that Diversified Technology exercised the requisite control over claimant to make him its employee.

Contrary to Diversified Technology's contention, claimant's work history before he began working for Diversified Technology and/or his relationship to other entities in the past were not relevant factors to the commission's determination of claimant's relationship with Diversified Technology. See Intermodal, 234 Va. at 601, 364 S.E.2d at 224; Behrensen, 10 Va. App. at 367, 392 S.E.2d at 509-10. In addition, Diversified Technology's assertion that claimant's refusal to sign the "Subcontractor Agreement" supported an inference that, by his silence, he acquiesced to the terms of the agreement does not logically follow. To the contrary, claimant testified that he never read

_____

[2] The deputy commissioner admitted the depositions of claimant and King into evidence at the October 22, 2001 hearing.

the agreement before his injury and that he had no intention of

signing it.  Furthermore,

> in the worker's compensation context, the
> existence of the master servant
> relationship . . . "does not depend upon how
> the parties designate each other in their
> contract."  Rather, the individual's status
> in relation to the alleged employer is to be
> determined from all the facts and
> circumstances adduced by the evidence,
> including the provisions of any written
> agreement.

Virginia Employment Comm'n v. A.I.M. Corp., 225 Va. 338, 347,

302 S.E.2d 534, 539 (1983) (citations omitted).

For these reasons, we affirm the commission's decision.

Affirmed.