COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference
.

SOUTHERN TANK TRANSPORT, INC. AND
  NEW HAMPSHIRE INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
v.     Record No. 1382-14-3     JUDGE WILLIAM G. PETTY
                                MARCH 31, 2015
ROY HOKE, JR.

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> S. Vernon Priddy III (Two Rivers Law Group, P.C., on brief), for
> appellants.
>
> Russell W. Updike (Jennifer K. M. Crawford; Wilson, Updike &
> Nicely, on brief), for appellee.

Southern Tank Transport, Inc. and New Hampshire Insurance Company, its insurance

carrier, ("employer") appeal a decision of the Workers' Compensation Commission declining to

terminate an open award and ordering employer to pay attorney's fees to Roy Hoke, Jr.'s

counsel. On appeal, employer assigns two errors to the commission's decision: (1) the full

commission erred in not addressing employer's challenge to the deputy commissioner admitting

the affidavit of Paul S. Detch of Lewisburg, West Virginia, thereby depriving employer of its

opportunity and right to have full and probing cross-examination of Mr. Detch; and (2) the

deputy commissioner erred in assessing $4,000 in attorney's fees against employer. For the

following reasons, we affirm the full commission.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. On appeal, "[w]e view the evidence in the light most favorable to the prevailing party below, and '[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding.'" Va. Polytechnic Inst. v. Posada, 47 Va. App. 150, 158, 622 S.E.2d 762, 766 (2005) (second alteration in original) (quoting Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997)).

So viewed, the evidence presented establishes that Hoke filed a claim for benefits on July 25, 2011 regarding a "lower back (lumbar strain)" he sustained on July 16, 2011. The parties entered an award on November 23, 2011 for temporary total disability beginning July 17, 2011.

On May 30, 2013, Hoke filed a second claim, seeking payment for installation of a spinal cord stimulator, which was necessary as a result of his compensable low-back injury sustained on July 16, 2011. Before the scheduled hearing, employer requested a continuance because counsel had a scheduling conflict; the parties rescheduled the hearing. A few days before the rescheduled hearing time, employer again requested a continuance, this time because it wanted to file an application for hearing to terminate benefits based on fraud. The deputy commissioner denied the motion. On October 16, 2013, following the September 4, 2013 hearing, Deputy Commissioner Culbreth granted Hoke's request for payment for implantation of a spinal cord stimulator and ordered that attorney's fees of $400 be paid by employer to Hoke's attorney.

On April 16, 2014, employer filed a request for review of the October 16th order. Employer subsequently filed an application to terminate the award as of September 3, 2013 based on misrepresentation and fraud. On January 24, 2014, Deputy Commissioner Culbreth

heard evidence on that claim. At the hearing, the deputy commissioner allowed admission of a deposition transcript of Barbara Hoke (claimant's ex-wife) as well as an affidavit from Paul S. Detch, an attorney practicing in West Virginia. The deputy commissioner also heard testimony from Barbara's daughter, Barbara's daughter-in-law, Barbara's previous ex-husband, a member of Barbara's community, and Roy Hoke himself.

In an opinion dated February 27, 2014, Deputy Commissioner Culbreth denied employer's application for termination of benefits. He noted that "[a]ll of the testimony presented could have been provided years earlier and was presented by witnesses with an established agenda." Thus, employer failed to present clear and convincing evidence of fraud on the part of Hoke in bringing the original claim. Additionally, Deputy Commissioner Culbreth ordered $4,000 in attorney's fees be paid by employer to Hoke's counsel. On May 12, 2014, employer filed an amended request for review. This time employer requested review of Deputy Commissioner Culbreth's opinion dated February 27, 2014, which stated that the fraud and misrepresentation claim was denied and awarded attorney's fees. On June 24, 2014, the full commission issued an opinion, affirming both the October 16, 2013 and February 27, 2014 opinions. Employer appealed that decision here.

## II.

### A.  Admission of Affidavit into Evidence

Employer contends that the full commission erred in not addressing employer's challenge to the deputy commissioner admitting the affidavit of Paul S. Detch, thereby depriving employer of its opportunity and right to have full and probing cross-examination of Mr. Detch. We disagree.

The sum and substance of employer's argument in support of this assignment of error is that "[t]he Full Commission refused to address the Defendants' challenge to the Deputy

commissioner's decision to admitted [sic] an affidavit of Paul S. Detch of Lewisburg, West Virginia into evidence." Opening Brief at 6. This assignment of error and argument is factually incorrect. In its opinion following its review of employer's claim, the full commission specifically did address employer's objection regarding the admission of Mr. Detch's affidavit into the record by the deputy commissioner. Although the full commission's opinion initially states that employer did not properly assign error to this issue, the full commission decided to address the matter anyway. The full commission's opinion specifically states, "We have elected to consider defendants' assignment of error and find the Deputy Commissioner did not err in admitting the affidavit." Moreover, the full commission went further in observing that "[b]ased upon the content of the Deputy Commissioner's Opinion he did not rely upon [Mr. Detch's] affidavit to reach his conclusions." Therefore, we find no merit to employer's argument that the full commission erred by failing to review the deputy commissioner's alleged error in admitting the affidavit.[1]

### B. Attorney's Fees

The Workers' Compensation Commission is authorized under Code § 65.2-713(A) to assess attorney's fees. "Assessment is left to the sound discretion of the Commission. We will not disturb the administrative assessment of costs or attorney's fees unless there is an abuse of discretion." Jensen Press v. Ale, 1 Va. App. 153, 159, 336 S.E.2d 522, 525-26 (1985).

Code § 65.2-713(A) provides,

> If the Commission or any court before whom any proceedings are brought or defended by the employer or insurer under this title shall determine that such proceedings have been brought, prosecuted, or defended without reasonable grounds, it may assess against the employer or insurer who has so brought, prosecuted, or defended them the whole cost of the proceedings,

---

[1] Employer makes no argument, and does not include any principles of law or authorities, to suggest why the admission of the affidavit was error. Accordingly, we are not called upon to review that issue. Rule 5A:20.

- 4 -

including a reasonable attorney's fee, to be fixed by the Commission.

"[W]hether the employer defended a proceeding without reasonable grounds is to be judged from the perspective of the employer, not the employee." Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 716, 427 S.E.2d 215, 219 (1993). Furthermore, "[i]f an employer refuses to pay a claim, reasonably believing that it is not compensable, and in the course of its investigation the grounds for refusal are not so contradicted as to be shown unfounded, then the subsequent defense is reasonable, even if it is later proven misplaced or in error." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 201, 336 S.E.2d 903, 907 (1985).

Here, the parties entered an award for payment of benefits to Hoke on November 23, 2011. Hoke had filed the claim for benefits much earlier, on July 25, 2011. Much later, on May 30, 2013, Hoke filed his claim for benefits for payment of the stimulator installation. It was not until September 3, 2013 that employer filed an employer's application for hearing, challenging the legitimacy of the original award. Thus, employer had ample time to investigate the legitimacy of the claim before it entered the original award. Instead, however, employer's challenge came more than two full years after Hoke filed a claim for benefits.

Furthermore, although employer did not appeal the full commission's affirmance of the deputy commissioner's decision that employer's evidence was insufficient to prove fraud and misrepresentation on the part of Hoke, we find it appropriate to address the standard of proof for dismissing a claim based on fraud and misrepresentation. In order for the commission to vacate an award, allegations of fraud, misrepresentation, or mutual mistake must be proven by *clear and convincing evidence*. Miller v. Potomac Hosp. Found., 50 Va. App. 674, 686, 653 S.E.2d 592, 598 (2007). "Clear and convincing evidence has been defined as 'that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535,

540-41, 211 S.E.2d 88, 92 (1975) (quoting <u>Cross v. Ledford</u>, 120 N.E.2d 118, 123 (Ohio 1954));

<u>see also</u> <u>Black's Law Dictionary</u> 674 (10th ed.) (defining clear and convincing evidence as

"[e]vidence indicating that the thing to be proved is highly probable or reasonably certain. This

is a greater burden than preponderance of the evidence, the standard applied in most civil trials,

but less than evidence beyond a reasonable doubt . . . ."). Therefore, it is worth noting that in

bringing this fraud claim, employer knew that it had to meet a high burden of proof in order to

succeed. Yet, it nonetheless brought the claim, two years after the award had already been

entered. And, in order to meet this high bar, employer's primary evidence was a deposition and

an affidavit of Hoke's ex-wife—statements that were "inherently in conflict" made by someone

with an "established agenda," according to the full commission.[2]

Accordingly, we hold the commission did not abuse its discretion under Code § 65.2-713

in assessing fees and costs against employer. <u>See</u> <u>Rusty's Welding Serv., Inc. v. Gibson</u>, 29

Va. App. 119, 130, 510 S.E.2d 255, 261 (1999) (en banc) (holding that the commission does not

abuse its discretion when "the exercise of its discretion . . . [is] reasonable and not arbitrary or

capricious").

III.

For the foregoing reasons, we affirm the decision of the full commission.

<u>Affirmed.</u>

---

[2] The divorce between claimant and his ex-wife was apparently relatively acrimonious. Besides the commission's observation that she had an established agenda, the deputy commissioner described her as "the prime mover of the entire issue" and described her as "not . . . sufficiently credible and unbiased to prove, by clear and convincing evidence, that the claimant committed fraud."